In the Matter of the Application For Disciplinary Action Against Roger A. McKINNON, a Member of the Bar of the State of North Dakota.

**No. 8785.**

Supreme Court of North Dakota.

March 28, 1972.

Dale W. Moench, Dickinson, for Grievance Commission of the Supreme Court.

Ward M. Kirby, Dickinson, Chairman of the Grievance Commission of the Supreme Court.

Roger A. McKinnon, pro se.

ERICKSTAD, Judge.

The Grievance Commission, established under Rules of Disciplinary Procedure adopted by this Court on June 21, 1965, to take effect August 1, 1965, has filed with our Court a complaint asserting five separate causes of action against Roger A. McKinnon, an attorney admitted to practice law in this Court on the 17th of August, 1950.

The complaint through its separate causes of action attributes various acts of misconduct to Mr. McKinnon and concludes with the prayer that a hearing be held upon the charges, that a report be made of such hearing to this Court, and that this Court thereafter take such action as it deems proper.

The complaint, dated November 29, 1971, signed by the chairman of the Grievance Commission and by the attorney appointed by the Commission to prosecute the matter, was served upon Mr. McKinnon on December 9, 1971. When no answer to the complaint was filed by Mr. McKinnon, the attorney for the Grievance Commission filed a motion with this Court asking that this Court suspend or revoke Mr. McKinnon's certificate of admission to practice law in this State. This motion was noticed for hearing on the 1st day of February, 1972, at 9:30 a. m. On that date, Mr. McKinnon did not appear, but counsel for the Grievance Commission appeared and informed the Court that Mr. McKinnon desired a continuance of the matter because of Mr. McKinnon's inability to appear at that time. On February 16, 1972, this Court issued an order requiring Mr. McKinnon to appear before it and show cause on March 8, 1972, at 10 o'clock a. m., why this Court should not suspend or revoke his certificate of admission to practice law in the courts of this State. This order was duly served upon Mr. McKinnon and on the date scheduled Mr. McKinnon appeared before this Court, at which time he explained that the reason that he had not filed any written answer to the complaint was that he did not have any defense to it. He explained that John Barleycorn had been the primary cause of his difficulties and he asked this Court that it not suspend or revoke his certificate of ad-

mission to practice, but that it place him on probation.

The first cause of action alleges a failure to properly supervise the administrator of the Frank H. Kalberer estate in McLean County, in that he permitted the filing of false state and federal estate tax returns, wherein gifts to Mr. McKinnon's children and to his nieces and nephews were treated as administrative expenses, and asserts the charging of excessive attorney fees in connection with that estate.

The Grievance Commission asserts that this conduct constitutes a violation of DR 1–102 of Canon 1 of the Code of Professional Responsibility and Section 27–14–02 of the North Dakota Century Code.

The second cause of action asserts that Mr. McKinnon agreed to represent Mr. Kenneth Rudolph for the purpose of prosecuting an appeal from a judgment of conviction on a charge of burglary in Stutsman County and that in connection therewith he made numerous representations that were grounds for an appeal; that he indicated to Mr. Rudolph and his parents that he was pursuing the appeal and that he had perfected the appeal, while in fact no appeal had been perfected and the transcript of the proceedings had not been ordered, even though the trial court had advised Mr. McKinnon that such a transcript would be made available at no cost to Mr. Rudolph.

The Commission asserts that this conduct constitutes a violation of Canons 5, 6 and 7 of the Code of Professional Responsibility and is in violation of Section 27–14–02 of the North Dakota Century Code.

The third cause of action asserts that Mr. McKinnon was employed by Richard Klooten to represent him on a charge of aggravated assault and battery and that in that connection he was paid $500 as a retainer fee and that upon entry of a plea of guilty Mr. Klooten was sentenced to one year in the State Penitentiary, and notwithstanding repeated requests directly and through friends that Mr. McKinnon contact

or visit Mr. Klooten in the Penitentiary, Mr. McKinnon never did contact him while in the Penitentiary, but instead did divulge secrets of his client to a third party in a public restaurant in the city of Bismarck.

The Grievance Commission asserts that this conduct constitutes a violation of Canons 4, 6 and 7 of the Code of Professional Responsibility and Section 27–14–02 of the North Dakota Century Code.

The fourth cause of action asserts that while in Minneapolis, Minnesota, on September 28, 1970, to represent a client, Mr. McKinnon in effect used Mr. John R. Carroll of the law firm of Maloney, Carroll and Olson, of 1210 First National Bank Building, Minneapolis, Minnesota, as a reference in cashing a check in the amount of $175 drawn on Account No. 92–865 of the Dakota National Bank of Bismarck, North Dakota, which account on that date was closed, necessitating that Mr. Carroll make that check good.

The Grievance Commission asserts that the writing of this no-account check under the circumstances constitutes a violation of the Code of Professional Ethics, especially DR 1–102(A) (4), and Section 27–14–02 of the North Dakota Century Code.

The fifth cause of action asserts that Mr. McKinnon was employed by one Ewald Baisch in June of 1969 to represent him before the Employment Security Bureau, Unemployment Compensation Division, and to take an appeal from that decision; that in that connection he received from Mr. Baisch $20 as a filing fee and $75 as attorney fees to prosecute the appeal but failed to do so.

The Grievance Commission asserts that this conduct constitutes a violation of Canon 1 of the Code of Professional Responsibility and Section 27–14–02 of the North Dakota Century Code.

The Code of Professional Responsibility was adopted by the House of Delegates of the American Bar Association on August

12, 1969, to become effective for American Bar Association members on January 1, 1970. See Code of Professional Responsibility and Canons of Judicial Ethics, printed by Martindale-Hubbell, Inc., copyright 1969 by American Bar Association. The Code was also adopted by the North Dakota State Bar Association on the 25th day of June, 1970, at its annual meeting held at Williston, North Dakota. See 47 N.D.L.Rev. 149 (1970).

The conduct alleged in the first, fourth and fifth causes of action violates Canon 1 and Disciplinary Rule 1–102, especially DR 1–102(A) (4).

"DR 1–102 Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

(2) Circumvent a Disciplinary Rule through actions of another.

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

Code of Professional Responsibility and Canons of Judicial Ethics, American Bar Association (1969).

The conduct alleged in the second and third causes of action violates Canons 4, 5, 6 and 7.

"CANON 4

"A Lawyer Should Preserve the Confidences and Secrets of a Client"

"CANON 5

"A Lawyer Should Exercise Independent Professional Judgment on Behalf of a Client"

"CANON 6

"A Lawyer Should Represent a Client Competently"

"CANON 7

"A Lawyer Should Represent a Client Zealously Within the Bounds of the Law"

Section 27–14–02, N.D.C.C., in Subsections 1 through 6, enumerates grounds for which a lawyer's certificate of admission to the Bar of this State may be revoked or suspended. Subsection 7 of that section provides that a lawyer's certificate may be revoked or suspended if he has "committed any other act which tends to bring reproach upon the legal profession."

It is our view that Mr. McKinnon's conduct has brought reproach upon the legal profession.

We conclude that we must, for the protection of the public and the preservation of the reputation of the members of the Bar, revoke Mr. McKinnon's certificate of admission as an attorney and counselor at law to the Bar of this State.

It is so ordered.

STRUTZ, C. J., and PAULSON, KNUDSON and TEIGEN, JJ., concur.