In the Matter of the Application for Disciplinary Action against Earl ALLEN, Jr., a Member of the Bar of the State of North Dakota.

**DISCIPLINARY BOARD OF the SUPREME COURT, Petitioner,**

v.

**Earl ALLEN, Jr., Respondent.**

Civ. No. 9385.

Supreme Court of North Dakota.

Jan. 26, 1978.

Gregory D. Morris, Bismarck, for petitioner.

Garry A. Pearson, Grand Forks, for respondent.

PEDERSON, Justice.

This is a disciplinary action under the North Dakota Rules of Disciplinary Procedure (NDRDP) wherein the Disciplinary Board seeks to suspend for one year the certificate of admission to the practice of law of Earl Allen, Jr., a member of the Bar of the State of North Dakota.

On August 30, 1976, Allen was convicted, by a jury, in the United States District Court for the District of North Dakota, Northwestern Division, of "making false statements in his income tax returns for years 1969 and 1970, in violation of Title 26, United States Code, Section 7206(1)." On April 5, 1977, the Eighth Circuit Court of Appeals affirmed the conviction. *United States v. Allen*, 551 F.2d 208 (8th Cir. 1977).

A certified copy of the certificate of conviction and of the affirmance were filed with this Court and, pursuant to Rule 13(d), NDRDP, on July 27, 1977, we ordered summary suspension of Allen's certificate of admission to practice law and referred the matter to the Disciplinary Board for further proceedings. An investigation was made and a hearing was held before a panel

of the Disciplinary Board. Allen appeared with counsel before the panel (October 18, 1977). On November 4, 1977, Findings, Conclusions and Recommendations were filed with this Court and service thereof was made upon Allen. See Rules 5 and 10(1), NDRDP.

Allen has filed no exceptions within twenty days and no opening brief within sixty days as provided in Rule 10(1). He has thus waived any right to be further heard in the matter. See *Disciplinary Board v. Maddock* (N.D.1977).

The hearing panel of the Disciplinary Board concluded that (1) the federal felony conviction of Allen is of an extremely serious nature and constitutes a violation of § 27–14–02(1) and (7), NDCC, and Canon 1, DR 1–102 A(3), (4) and (6), Code of Professional Responsibility; (2) the seriousness of the offense and the lack of overriding mitigating factors are sufficient causes to justify a period of suspension of the certificate of admission to practice law; and (3) the limited practice and limited amount of continuing legal education creates a question of competence.

In accordance with those conclusions and the panel recommendations, we hold that the certificate of admission to practice law in North Dakota of Earl Allen, Jr., is suspended for a period of one year beginning July 27, 1977. Also, in accordance with the panel recommendations, we hold that, as a condition precedent to applying for reinstatement, Allen shall first pay to the clerk of this court, as secretary of the Disciplinary Board, such sum as is certified as expenses of the disciplinary proceedings by the Disciplinary Board, pursuant to Rule 21(d), NDRDP, and that Allen shall take and pass an examination to test his knowledge of the Code of Professional Responsibility and the principles thereof, under the supervision of the State Bar Board.

The panel conclusion that the limited practice and limited participation in continuing legal education creates a question of competence requires further comment. Unlike the case of *Application of Christianson*, 253 N.W.2d 410 (N.D.1977), we have here no recommendation that we require Allen to retake and repass the entire State Bar examination. A further distinguishing feature here is that, unlike Christianson, Allen did engage in the practice of law and did participate in continuing legal education programs. The panel labeled these activities as "limited," but did not describe them fully in the record. Many lawyers engage in "limited" practice of law and, until the recent adoption of "Rules of the State Bar Association of North Dakota for Continuing Professional Education of the Members of the Bar" (approved by this Court on July 27, 1977), many lawyers limited their participation in formalized Bar Association educational programs. We are not prepared to conclude that incompetence is thus established.

Finally, we hold that Allen must show proof of strict adherence to the provisions of Rules 14 and 15, NDRDP.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.