In the Matter of the Application for Disciplinary Action against Bernard C. LYONS.

Civ. No. 8456.

Supreme Court of North Dakota.

April 22, 1971.

TEIGEN, Judge.

On July 11, 1947, Bernard C. Lyons received a certificate of admission to the bar of this state. On March 7, 1968, pursuant to proceedings had, this court entered an order suspending the certificate of admission to the bar of this state issued to the said Bernard C. Lyons for an indefinite period of time, with the provision that he should have the privilege of applying for reinstatement of the said certificate one year after the entry of the order if he can then show to the satisfaction of this court that he has complied with certain conditions imposed by the court. The order of suspension of March 7, 1968, was based on a determination that the said Bernard C. Lyons was guilty of gross professional misconduct and had committed acts which tended to bring reproach upon the legal profession, which acts were unexcused and uncontradicted. However, the court was of the opinion that, as a result of the discipline, the said Bernard C. Lyons might alter his character so as to again render him fit to be entrusted with the privilege pertaining to the office of attorney and

counselor at law in this state. No application for reinstatement has been received. On May 18, 1970, the grievance commission of this state filed with this court its application for an order to be directed to Bernard C. Lyons to show cause why his certificate of admission to the bar of the state of North Dakota should not be revoked. In support of its application the Grievance Commission of the Supreme Court of North Dakota alleges misconduct on the part of Mr. Lyons in that while he was suspended from the practice of law by the order of this court dated March 7, 1968, he did, on or about May 16, 1969, accept employment as an attorney to accomplish the probate of an estate and, in connection therewith, did accept and receive a retainer fee in the amount of $150. In addition, on December 23, 1969, a default judgment was entered against the said Bernard C. Lyons in the amount of $3,526.50 in an action in which it was alleged and determined that Mr. Lyons had been employed by the plaintiff in said action to prepare his federal and state income tax returns for the years 1963, 1964, 1965, 1966 and 1967; that he represented that he had done so and obtained checks from the plaintiff in a sum in excess of $1,600 for payment of the taxes due; that the said Mr. Lyons cashed the checks, kept the money, and did not file the income tax returns nor pay the taxes.

This court issued its order directed to Mr. Lyons to show cause, if any he has, why his certificate of admission to the bar of North Dakota should not be revoked. The order to show cause and the application containing the allegations set forth above were personally served on Mr. Lyons in Barnes County, North Dakota, by the sheriff thereof. The said Bernard C. Lyons has not responded to said order to show cause nor did he appear on the date set therein for hearing. Proofs of the allegations contained in the application set forth above were presented to this court and made a matter of record herein. The same not having been denied nor explained, this court finds these allegations to be true.

Section 27–11–01, N.D.C.C., provides that no resident person shall practice law or act as an attorney or counselor at law in this state, or commence, conduct or defend in any court of record of this state any action or proceeding in which he is not a party, unless he has secured from this court a certificate of admission to the bar of this state and has secured an annual license therefor from the state bar board. A violation of this section is a misdemeanor.

Section 27–14–09, N.D.C.C., provides that the revocation and suspension of an attorney's certificate of admission to the bar constitutes a forfeiture of his office as an attorney to practice in the courts of this state so long as such revocation or suspension is in effect.

■ The certificate of admission to the bar of this state of an attorney and counselor at law may be revoked or suspended if he has committed a felony, or has committed any other act which tends to bring reproach upon the legal profession. Sections 27–14–02(1) and 27–14–02(7), N.D.C.C.

■ The Supreme Court Rules of Disciplinary Procedure adopted by this court on June 21, 1965, effective August 1, 1965, provide:

"Any acts committed by an attorney contrary to accepted standards of honesty, justice, or morality, including but not limited to those outlined in Section 27–14–02, North Dakota Century Code [statutory causes for suspension or revocation of a certificate of admission to the bar], and the violation of the duties outlined in Section 27–13–01, North Dakota Century Code [duties of attorneys], may constitute cause for discipline. Where such act constitutes a felony or misdemeanor, conviction thereof in a criminal proceeding shall not be a condition precedent to suspension or to the institution of disciplinary proceedings, nor shall acquittal necessarily constitute a bar thereto. Any violation of the canons of profes-

sional ethics, as adopted by the American Bar Association and affirmed by the State Bar Association of North Dakota, may also constitute cause for discipline."

■ Section 12–38–04, N.D.C.C., makes it a felony for a person, with intent to cheat or defraud another, to designedly, by color or aid of any false token or writing or other false pretense, obtain from any person any money or property. We cannot escape the conclusion that Mr. Lyons represented by a false pretense that he could act as attorney in the probate of an estate when his certificate of admission to the bar of this state was suspended and he had no license to practice law. Further, to have accepted from a client his personal checks for payment of income taxes for five successive years and then to have failed to file the tax returns and pay the taxes, and having cashed the checks and kept the money, is a fraudulent appropriation which constitutes embezzlement under Section 12–36–10, N.D.C.C., and where the amount appropriated exceeds $100, it is a felony. Sections 12–36–04 and 12–40–03, N.D.C.C.

■ In deciding cases of this type, the court must keep in mind the effect that the proceeding may have upon the accused attorney. This court did so in the original proceeding when it entered its order of March 7, 1968, suspending Mr. Lyons' certificate of admission for an indefinite period of time and stated that the court was of the opinion that, as a result of the discipline, Mr. Lyons might alter his character so as to again render him fit to be entrusted with the privilege pertaining to the office of attorney and counselor at law in this state, and specifically granted him permission to apply for reinstatement. However, our ultimate concern must be the protection of the public from the unfit, which is the reason why proceedings of this nature are authorized. When the unfitness of an attorney and counselor at law to continue in the practice is established by a clear preponderance of the evidence, as it is in this case, our duty, though unpleasant, is clear. Under the circumstances, this court can do no less than to direct the entry of a judgment that Bernard C. Lyons be disbarred, to wit, that his certificate of admission to the bar of the state of North Dakota be revoked. It is so ordered.

STRUTZ, C. J., and ERICKSTAD and KNUDSON, JJ., concur.

PAULSON, J., deeming himself disqualified did not participate.