In the Matter of the Application for Disciplinary Action against Jon D. IVERS, a member of the Bar of the State of North Dakota.

Civ. No. 9116.

Supreme Court of North Dakota.

Dec. 17, 1975.

Joseph H. Woell, Casselton, and Wayne T. Anderson, West Fargo, for Grievance Commission; argued by Mr. Anderson.

Mark R. Fraase, Fargo, for respondent.

VOGEL, Justice.

A statement of the facts, condensed from the respondent's brief, follows:

The respondent, Jon D. Ivers, was admitted to practice in this State on July 15, 1966. He has been convicted of driving a motor vehicle while under the influence of intoxicating liquor three times, in North Dakota on July 4, 1972, and October 4, 1972, and in Minnesota on June 28, 1974.

While acting as an officer of the United States District Court in a bankruptcy matter, he was indicted on a charge of fraudulent appropriation of property of a bankrupt corporation in the amount of $466.51. He was found guilty and the conviction was affirmed on appeal by the United States Court of Appeals for the Eighth Circuit. *United States v. Ivers*, 512 F.2d 121 (8th Cir. 1975). Restitution of the $466.51 had been made prior to the indictment.

Respondent was placed on probation by the district judge for a period of two years.

On the date of sentencing he voluntarily committed himself to a hospital for treatment of alcoholism, and after seven weeks of treatment took employment with a banker and real estate broker in Minnesota. He reports that he has abstained from the use of alcohol ever since. His probation was terminated by the United States district judge after about one year, upon the recommendation of his probation officer.

The Grievance Commission of this court, after investigation and recommendation by a grievance committee of the State Bar Association of North Dakota, recommends a disciplinary suspension. The respondent, pointing out that he has rehabilitated himself and has voluntarily abstained from the practice of law for approximately two years, asks that no further disciplinary action be taken.

The respondent has submitted recommendations in his favor from the bankruptcy

judge, the United States probation officer, his employer, and two attorneys practicing in Fargo.

■ We have no doubt that the respondent has been guilty of a crime involving moral turpitude. We have recognized, most recently in *Matter of Fosaaen*, 234 N.W.2d 867 (N.D.1975), that any disregard of the law by an attorney is more serious than a breach by a layman, or nonlawyer. On the other hand, we also recognize that the respondent has voluntarily abstained from the practice of law for a substantial period of time. But the length of his suspension, if any, is not a matter for him to decide, but for us.

■ We also must give some consideration to the interests of the public as well as the individual involved.

■ After due consideration by the Supreme Court of all the factors involved, it is ordered that the certificate of admission of Jon D. Ivers to practice law in the State of North Dakota be suspended until March 15, 1976, at which time he may petition for reinstatement, and thereafter until his reinstatement is approved.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.