In Matter of Application of Frederick D. KRAEMER for Reinstatement to the Bar of the State of North Dakota.

In the Matter of the Application for Disciplinary Action Against Frederick D. KRAEMER.

Civ. Nos. 10701, 870061.

Supreme Court of North Dakota.

Aug. 12, 1987.

Vivian E. Berg, Staff Counsel for the Disciplinary Board of the Supreme Court, Bismarck, for Disciplinary Board.

Frederick D. Kraemer, Scottsdale, Ariz., pro se.

## PER CURIAM.

This is a consolidated proceeding against attorney Frederick D. Kraemer which involves a formal disciplinary complaint pending at the time this court disbarred him from the practice of law, and a petition for reinstatement. We continue Kraemer's disbarment.

On August 16, 1984, we suspended Kraemer's certificate of admission pending final disposition of disciplinary proceedings filed against him as a result of a North Dakota state court conviction for theft of property and federal convictions for interstate transportation of stolen goods, mail fraud, and conspiracy. *Matter of Discipline of Kraemer*, 353 N.W.2d 36 (N.D. 1984). After a certified copy of an Order of Disbarment by the Supreme Court of Minnesota was filed with this court [*Matter of Discipline of Kraemer*, 361 N.W.2d 402 (Minn.1985)], we revoked Kraemer's certificate of admission on June 13, 1985. *Matter of Discipline of Kraemer*, 370 N.W.2d 513 (N.D.1985).

At that time there were additional, unrelated complaints of misconduct pending against him in this state,[1] and a formal complaint on those accusations was heard by a Hearing Panel on January 9, 1987. On March 3, 1987, the Hearing Panel recommended that Kraemer be disbarred for those acts of misconduct.

On January 6, 1987, Kraemer filed a petition for reinstatement from his original disbarment. A hearing was held on Kraemer's petition and thereafter the Hearing Panel recommended that Kraemer not be reinstated to the practice of law in North Dakota.

Kraemer does not directly challenge the Hearing Panel's findings regarding the additional acts of misconduct and its recommendation that he be disbarred for that conduct. However, he asks us to consider alternative methods of punishment and conditions of reinstatement. Kraemer contends that the three-year time period in which his certificate of admission has been suspended or revoked warrants mitigation and reinstatement to practice law. He asserts that he was suffering from alcoholism at the time of that misconduct and has since recovered. He also states that, if he is reinstated, a North Dakota attorney has agreed to supervise his law practice. Kraemer has also offered to do extensive "pro bono" work for three years or longer as a condition of reinstatement. At oral argument Kraemer also requested that any

---

1. Throughout this opinion we use the term predisbarment conduct as a synonym for acts of misconduct that occurred prior to Kraemer's disbarment and are unrelated to the misconduct which led to his disbarment.

order for discipline give him sufficient direction to plan for his future.

Our resolution of the recommendation of disbarment makes it unnecessary to consider Kraemer's petition for reinstatement. The recommendation for disbarment is unusual because Kraemer is currently disbarred. It thus evokes not only the question of our authority to investigate charges of misconduct occurring before that disbarment, but also the discipline to be ordered for that misconduct.

Under Art. VI, § 3, N.D. Const., this court may promulgate rules and regulations governing an attorney's admission to practice, conduct, discipline, and disbarment, unless otherwise provided by law. N.D.C.C. § 27–14–01 permits this court to revoke or suspend the certificate of admission of an attorney. N.D.C.C. § 27–14–03, authorizes this court to refer a complaint alleging attorney misconduct to the State Bar Board for investigation whenever the complaint is filed. Pursuant to our constitutional and statutory authority, we have adopted rules of disciplinary procedure, including Rule 15 of the North Dakota Rules of Disciplinary Procedure for reinstatement of a disbarred attorney, but we have not adopted a specific rule regarding the investigation of a disbarred attorney's pre-disbarment conduct.

■ N.D.R.D.P. 1(b) defines a "complaint" as an allegation that a person holding an unrevoked certificate of admission to the bar has committed misconduct, and N.D.R.D.P. 8 authorizes the Disciplinary Board to investigate "complaints." However, nothing in the plain language of the rules of disciplinary procedure restricts the timing of the Disciplinary Board's investigation of a complaint. Kraemer held an unrevoked certificate of admission when the misconduct involved in the instant case occurred. Thus, this court clearly would have jurisdiction over that misconduct had Kraemer not been disbarred subsequently for other misconduct. Also, this court has jurisdiction to reinstate Kraemer, and in reinstatement proceedings his post-disbarment conduct is relevant and subject to investigation. *See McKinnon v. Disciplinary Board of Supreme Court*, 264 N.W.2d 448 (N.D.1978). It is anomalous to suggest that this court has the authority and obligation to investigate a disbarred attorney's post-disbarment conduct but not his pre-disbarment conduct.

The objective of disciplinary proceedings is to determine, in the public interest, if the attorney should be permitted to practice law. *Disciplinary Board of Supreme Court v. O'Neil*, 326 N.W.2d 879 (N.D. 1982). Permitting the investigation of both post and pre-disbarment conduct is consistent with that purpose. There is also the interrelated objective of instilling public confidence in the legal profession's ability to regulate and discipline its members. We believe these objectives, coupled with our statutory authority to investigate complaints whenever they are filed, authorize the investigation and resolution of all complaints of attorney misconduct, including a disbarred attorney's pre-disbarment conduct, as they arise. To defer resolution of a complaint alleging pre-disbarment misconduct until the initiation of reinstatement proceedings would hamper the availability and recollections of witnesses, restrict or defeat restitution, and impair fairness to the respondent and the complainant.

We therefore conclude that we have the authority and obligation to investigate a disbarred attorney's pre-disbarment conduct, and we will consider Kraemer's pre-disbarment conduct and the Disciplinary Board's recommendation for disbarment.

The Hearing Panel recommended that Kraemer be disbarred for the following admitted acts of misconduct:

"(a) Kraemer sought to buy with a car and money the silence of Charlotte Skjonsby in the criminal investigation regarding the aforementioned airline ticket scheme. (Para. V of the Formal Complaint.)

"(b) That Kraemer represented Marie Michaeloff in a criminal matter in Olmsted County, Minn., in September, 1983, and met with law enforcement officials against her interests in July, August, and September, 1983. (Para. VII of the Formal Complaint.)

"(c) Kraemer did not maintain the integrity of his trust account, as follows:

"1. Kraemer deposited in his trust account in June, 1980, $4,000 on behalf of Thomas Flood. From that time until May 15, 1981, when he deducted $984 from the $4,000, there were instances when the balance in the trust account fell below $4,000; the balance of $3,016 was refunded to Flood on or about March 3, 1982, and there were instances from May 15, 1981, to March 3, 1982, when the balance in the trust account fell below $3,016. (Para. VIII of the Formal Complaint.)

"2. From July, 1981, to November, 1981, there were instances when the trust account was overdrawn and instances when checks were returned for nonsufficient funds. (Also Para. VIII of the Formal Complaint.)

"(d) Kraemer represented Leland Wolsky in a bankruptcy matter and failed to file with the bankruptcy court a true and correct petition regarding fees paid to his firm; the Honorable William A. Hill, Judge of Bankruptcy Court, by Order entered March 28, 1984, ordered restoration to the debtor's estate of the sum of $6,297.82, which restoration has not been fully made. (Para. X of the Formal Complaint.)"

The purpose of disciplinary proceedings is not to punish an attorney but to determine, in the public interest, if the attorney should be permitted to practice law, and each disciplinary action must be decided on its own particular facts in order to determine the appropriate discipline. *Disciplinary Board of Supreme Court v. O'Neil, supra.* An attorney may be disbarred if he has committed an offense having a direct bearing on his ability to serve the public as an attorney. N.D.C.C. § 27–14–02. Misconduct constituting grounds for disbarment also includes conduct contrary to accepted standards of honesty, justice, or morality [N.D.R.D.P. 2], or which tends to

bring reproach upon the legal profession. N.D.C.C. § 27–14–02.

In this disciplinary proceeding Kraemer has admitted that he sought to buy the silence of another in the criminal investigation which resulted in his convictions in federal court. This misconduct was designed to directly affect the integrity and outcome of a legal proceeding and appears to constitute a class C felony. N.D.C.C. § 12.1–09–01. While the record in this case does not reflect that Kraemer has been prosecuted for this admitted act of misconduct, under N.D.R.D.P. 2(b), a conviction in a criminal proceeding is not a prerequisite to the institution of disciplinary proceedings, nor is acquittal necessarily a bar thereto. *See In re Lyons,* 193 N.W.2d 462 (N.D.1971). This particular act of misconduct has a direct adverse bearing on Kraemer's ability to serve the public as an attorney and is also contrary to accepted standards of honesty and justice. As an officer of the court, Kraemer's act of bribery demonstrates a flagrant disregard for the law and the ethical code of an attorney. An attorney's disregard for the law is more serious than similar conduct by a layperson. *Matter of Ivers,* 236 N.W.2d 887 (N.D.1975). An attorney's disregard of the weighty obligation arising from his special status as an officer of the court raises grave concern about his ability to act as an officer of the court.

While the gravity of this item of misconduct is sufficient by itself to warrant disbarment, Kraemer also has admitted additional pre-disbarment misconduct, including the betrayal of a client's interests, the misuse of a trust account and the failure to file a correct petition regarding fees in a bankruptcy case. Each of these acts represents serious misconduct that tends to discredit the integrity of the legal profession and undermine public confidence. For example, we have continually recognized the seriousness of the misuse of a trust account and have suspended [2] attorneys for

---

2. N.D.R.D.P. 1 defines "suspension" and "disbarment" as follows:

"(d) 'Disbarment' or 'disbarring' means the revocation of a certificate of admission to the bar.

\* \* \* \* \* \*

that misconduct. *See Matter of Overboe,* 403 N.W.2d 1 (N.D.1987).

It is unquestionable that Kraemer's predisbarment misconduct warrants disbarment. However, Kraemer is already disbarred for serious crimes involving theft and fraud. These convictions denigrate the legal profession and cast serious doubt about Kraemer's ability to practice law. *See Application of Christianson,* 202 N.W.2d 756 (N.D.1972).

N.D.R.D.P. 15 provides that a disbarred attorney may apply for reinstatement after the expiration of one year or "such time as may be fixed by the Court," and that reinstatement may be conditioned upon the furnishing of such proof of competency as this court determines necessary. We conclude that the appropriate disciplinary action is to fix the time in which Kraemer may apply for reinstatement to be not less than three years from the date of this opinion. That time period plus the three years which he has already been prevented from practicing law is commensurate with the length of his original sentence for the criminal convictions. We believe the three year waiting time to apply for reinstatement may be sufficient to enable Kraemer to restore his damaged reputation and establish a pattern of conduct that evidences his rehabilitation and fitness to engage in the practice of law. However, nothing in this opinion should be construed as an assurance that Kraemer will be reinstated to the practice of law in three years. Rather, we hold that Kraemer must wait at least three years before he may apply for reinstatement. It is further ordered that if and when reinstatement is allowed, it shall be conditioned on Kraemer's receiving a passing score on the North Dakota bar examination, including an examination on professional responsibility.

"(k) 'Suspension' or 'suspending' means the revocation of a certificate of admission to the bar for a limited period of time or until the happening of an event certain."