798 P.2d 381

**In the Matter of a Member of the State Bar of Arizona, Ruthanne TARLETZ, Respondent.**

No. SB–90–0014–D.

Disc. Comm. No. 87–0948.

Supreme Court of Arizona,
In Banc.

Sept. 20, 1990.

Ruthanne Tarletz, Phoenix, pro se.

State Bar of Arizona by Harriet L. Turney, Chief Counsel, Phoenix, for State Bar of Arizona.

## OPINION

CAMERON, Justice.

## I. JURISDICTION

The Disciplinary Commission of the Supreme Court of Arizona (Commission) recommends that respondent, Ruthanne Tarletz, be disbarred. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and Rule 53(e), 17A A.R.S.Sup.Ct.Rules.

## II. PRELIMINARY STATEMENT

On 2 June 1987, respondent Ruthanne Tarletz was suspended from the practice of law for nonpayment of dues. She has not been reinstated. Between May 1986 and September 1987, the Arizona State Bar (Bar) filed two complaints containing eight different charges of misconduct against respondent. The complaints subsequently were consolidated and this court disbarred respondent from the practice of law. *See In re Tarletz*, 163 Ariz. 548, 789 P.2d 1049 (1990).

On 10 March 1988, a third formal complaint was filed against respondent. Respondent filed an answer and a "counterclaim." In respondent's answer she drew a "smiley face" where the signature should have been. The Bar's motion to strike the answer and counterclaim as improper was granted. Respondent failed to amend her answer, and on 8 March 1989 a notice of complaint deemed admitted was filed.

The State Bar Hearing Committee (Committee) noted respondent's earlier suspension from the practice of law. It found that, subsequent to this suspension, respondent engaged in the unauthorized practice of law on several occasions. For example, on 12 June 1987 respondent signed a motion as the attorney for her professional corporation. On 24 June 1987, she appeared in court and signed documents on behalf of her husband in a support matter and on behalf of two other clients in different matters. On 7 August 1987, respondent filed a responsive pleading and appeared in superior court on behalf of another client. The Committee found that respondent committed multiple violations of ER 5.5(a) (Unauthorized Practice of Law) and ER 8.4(a), (c), & (d) (Misconduct). The Committee, finding that respondent also violated Rules 31(a)(3) (Privilege to Practice) and 51(e) (Grounds for Discipline) of the Arizona Rules of the Supreme Court, concluded:

The file on the subject Complaint (the pleadings presented to the Committee)

may only be fairly described as shocking. It is clearly evident to the Committee that Respondent marches to the beat of a different drummer and cares not about the propriety of her actions, the integrity of the judicial process, the legal profession, or the Rules of the Supreme Court of the State of Arizona.

The Committee recommended disbarment. The Commission adopted the Committee's findings of fact, conclusions of law and recommendation of disbarment. The Commission stated:

### Discussion of Decision

By vote of the seven members present, five aye, two nay, the Commission determines as set forth.

\* \* \* \* \* \*

The respondent continued to hold herself out as an attorney at law and make court appearances on behalf of her clients, notwithstanding the order entered by the Supreme Court of Arizona on June 2, 1987 suspending respondent from the practice of law.

The Commission is of the opinion that the underlying conduct exhibited by respondent is not necessarily so egregious by itself as to warrant disbarment. However, there are additional considerations which warrant disbarment. First, Respondent has shown a total disregard for the disciplinary process and the legal profession. Failure to cooperate with disciplinary authorities is a significant aggravating factor in considering proper discipline. *Matter of Pappas*, 159 Ariz. 516, 527, 768 P.2d 1161, 1171 (1989).

Additionally, the Commission agrees with the committee that the signature used by respondent on certain pleadings was applied with the express intent of being disrespectful to the judicial process and the court system. The committee report at pages 3 and 4 discusses in further detail the respondent's purported signature. The Commission endorses and incorporates herein by this reference the committee's analysis in that regard, and notes the similarity between such disregard for the authorities of the court

and the disregard expressed by Respondent here for the disciplinary process.

Additionally, where, as here, misconduct has been established, Standard 9.1 of the ABA Standards warrants consideration of aggravating and mitigating circumstances which may effect the severity of the sanction to be imposed. The Commission finds no mitigating factors applicable, but there are indeed several aggravating circumstances pertinent to this case. Pursuant to Standard 9.22, the Commission finds the following aggravating circumstances applicable:

(a) prior disciplinary offenses;

(b) a pattern of misconduct;

(c) multiple offenses;

(d) refusal to acknowledge wrongful nature of conduct;

(e) substantial experience in the practice of law.

For the foregoing reasons, the Commission agrees with the committee that disbarment is the appropriate sanction.

We reviewed the record and agree that respondent practiced law while her license was suspended. The American Bar Association's *Standards for Imposing Lawyer Sanctions* provide:

8.1 Disbarment is generally appropriate when a lawyer:

(b) has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.

### Commentary

Disbarment is warranted when a lawyer who has previously been disciplined intentionally or knowingly violates the terms of that order and, as a result, causes injury or potential injury to a client, the public, the legal system, or the profession. The most common case is one where a lawyer has been suspended but, nevertheless, practices law. The courts are generally in agreement in imposing disbarment in such cases. As the court explained in *Matter of McInerney,*

389 Mass. 528, 451 N.E.2d 401, 405 (1983), when the record establishes a lawyer's willingness to violate the terms of his suspension order, disbarment is appropriate "as a prophylactic measure to prevent further misconduct by the offending individual."

ABA *Standards for Imposing Lawyer Sanctions*, Standard 8.1 (1986). Standard 7.1 provides:

> Disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system.

ABA *Standards*, Standard 7.1.

In the instant case, respondent practiced law without a license creating potential, if not actual, injury to her clients. We believe disbarment is the appropriate sanction and order that respondent be disbarred.

We note that we previously disbarred respondent. *See In re Tarletz*, 163 Ariz. 548, 789 P.2d 1049 (1990). We think it appropriate, however, that a new finding of disbarment be made so that the record is complete should respondent apply for readmission in this or any other jurisdiction.

Respondent is disbarred and disciplinary proceeding costs in the amount of $1,202.97 are assessed against her.

GORDON, C.J., FELDMAN, V.C.J., and MOELLER and CORCORAN, JJ., concur.