In the Matter of the Application for
**DISCIPLINARY ACTION AGAINST
William P. TEEVENS, Jr.**

**DISCIPLINARY BOARD OF the SU-PREME COURT OF the STATE OF NORTH DAKOTA, Petitioner,**

v.

**William P. TEEVENS, Jr., Respondent.**

Civ. No. 910149.

Supreme Court of North Dakota.

May 11, 1993.

Vivian E. Berg (argued), Bismarck, for petitioner.

William P. Teevens, Jr., Rapid City, SD, pro se. No appearance.

LEVINE, Justice.

This is a disciplinary proceeding against William P. Teevens, Jr., a disbarred attorney, for conduct occurring prior to his disbarment. We extend the period within which Teevens shall remain ineligible to apply for reinstatement.

Teevens was disbarred on February 10, 1988, for misappropriation of client funds. *See In re Teevens,* 418 N.W.2d 789 (N.D. 1988). After his disbarment, numerous additional instances of conversion of client funds were discovered. Disciplinary counsel filed a petition for additional discipline, alleging that Teevens had converted funds from four additional clients prior to his disbarment. The Disciplinary Board adopted the report of the hearing panel, finding that Teevens had converted funds from these clients. The Board concluded that the violations were aggravated by the pattern of misconduct, multiple offenses, prior disciplinary offenses, and Teevens's continued practice of law after his disbarment. The Board recommended disbarment on two counts, and public reprimands and restitution on the remaining two counts. Teevens filed objections to the Board's report.[1]

1. Teevens did not file a brief or appear for oral    argument in this court.

While the matter was pending before this court, disciplinary counsel learned of additional misconduct, and moved for remand to the Board for consideration of new evidence. We granted the motion and, upon remand, the Board found that Teevens had made restitution to two clients from funds embezzled from an estate represented by Teevens's former law partner, Kent L. Johnson. The Board concluded that this was a further aggravating circumstance supporting its recommendation for disbarment.

This court has authority to exercise jurisdiction over a disbarred attorney to impose disciplinary sanctions for both pre-disbarment and post-disbarment conduct. Rule 1.1(C), N.D.P.R.L.D.D. ("any formerly admitted lawyer with respect to acts committed prior to ... disbarment ... or with respect to acts subsequent thereto ... which constitute misconduct subject to sanctions ... is subject to the disability and disciplinary jurisdiction of this court under these rules"); *In re Kraemer*, 411 N.W.2d 71, 73 (N.D.1987). Teevens's misconduct unquestionably warrants disbarment. He has demonstrated a lengthy and continuous pattern of misappropriation of client funds. His use of misappropriated funds to pay restitution and his continued practice of law after disbarment show an utter disregard and contempt for the disciplinary process. We can only hope that this marks the final chapter in Teevens's long and sordid history of misconduct in the state.[2]

In *Kraemer, supra*, 411 N.W.2d at 75, we held that an extension of the period of ineligibility for reinstatement was an appropriate disciplinary sanction for an already disbarred attorney.[3] Such a sanction is warranted in this case. We order that Teevens shall be ineligible to apply for reinstatement for a period of ten years from the date of this opinion. Teevens is also ordered to pay the costs of this disci-

plinary proceeding in the amount of $5,877.59.

VANDE WALLE, C.J., MESCHKE, J., and RALPH J. ERICKSTAD, Surrogate Judge, concur.

Surrogate Judge RALPH J. ERICKSTAD was Chief Justice at the time this case was heard and served as surrogate judge pursuant to NDCC 27-17-03.

Justice J. PHILIP JOHNSON, who was a member of the Court when this case was heard, did not participate in this decision.

Justice NEUMANN and Justice SANDSTROM, not being members of the Court when this case was heard, did not participate in this decision.

---

**2.** Disciplinary counsel advised us at oral argument that the state's attorney was informed of Teevens's misconduct. However, we are unaware of the initiation of any criminal proceedings against Teevens.

**3.** When Teevens was disbarred, our disciplinary rules provided that an attorney could apply for

reinstatement after the expiration of one year from the date of disbarment. *See* Rule 14(a), N.D.R.D.P. (1988). Our current rule provides that a disbarred attorney may not apply for reinstatement until five years after the date of disbarment. Rule 4.5(D), N.D.P.R.L.D.D.