*857
ORDER OF DISBARMENT

GEORGE C. CARLSON, JR., Justice.
¶ 1. This matter is before the Court, en banc, on the Formal Complaint of the Mississippi Bar seeking the second disbarment of James Anthony Keith based upon his convictions of certain felonies. We conclude that all procedural prerequisites have been met and order disbarment.
I.
¶ 2. James Anthony Keith of Long Beach, Harrison County, Mississippi, was admitted to practice law in Mississippi on April 14, 1987. In 1996, two of Keith’s clients deposited $31,132.82 into the trust account of Simpson & Keith for use in a real estate transaction. Keith withdrew the funds from the firm’s trust account and thereafter deposited them into his personal account. In response to an informal complaint from the Bar, Keith admitted that he used the funds to pay gambling debts. The Mississippi Bar filed its first Formal Complaint against Keith in Cause Number 97-B-00338 on March 18, 1997. Keith acknowledged receipt of the summons and complaint on April 25, 1997, but filed no formal response. The Bar then filed for a clerk’s entry of default on June 19, 1997. Following a hearing at which Keith did not appear, a default judgment was entered by the complaint tribunal on September 12, 1997. A separate opinion and judgment was rendered on September 22, 1997, which disbarred Keith from the practice of law. The judgment became final on November 10, 1997, and no petition for reinstatement was ever filed.
¶ 3. In 1999, Keith was indicted in the Circuit Court of the First Judicial District of Harrison County on charges of embezzlement and uttering a forgery (3 counts), in Cause Numbers B2401-99-450, and B2401-99-874, respectively, on the docket of that court. The embezzlement charge involved the misuse of funds paid by another client in a divorce matter. The indictment charged that Keith embezzled the funds during the period from March 1, 1997 (when Keith was still licensed to practice law) through June 22, 1998. Keith entered guilty pleas to all charges on August 21, 2001, and was given concurrent 10 year suspended sentences and placed on probation.
¶ 4. The Bar, on its own initiative, filed the present Formal Complaint against Keith on March 19, 2002, in which it asked that Keith be disbarred based on the 2001 *858 guilty pleas and felony convictions. Keith executed an acknowledgment of receipt of the summons and Formal Complaint on April 9, 2002. Keith filed an answer on April 17, 2002, in which he confessed the guilty pleas and felony convictions but asserted that he was not a licensed attorney at the time.
II.
¶ 5. The Rules of Discipline for the Mississippi State Bar provide that misconduct which violates the Code of Professional Responsibility “shall be grounds for discipline, whether or not the acts or omissions occurred in the course of an attorney-client relationship.” Rule 6(a) states:
(a)Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court, or enter a plea of guilty or a plea of nolo contende-re therein, or tender a guilty plea pursuant to the provisions of Miss.Code Ann. § 99-15-26 (Supp.1993), or any similar provision in state or federal law therein of any felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment of conviction or order accepting or acknowledging the offer or tender of a guilty plea pursuant to the provisions of Miss.Code Ann. § 99-15-26 (Supp.1993), or any similar provision in state or federal law shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.
The Rules also provide that this Court has exclusive and inherent jurisdiction over matters pertaining to attorney discipline. The Rules of Discipline govern all bar disciplinary matters. Harrison v. Miss. Bar, 637 So.2d 204, 215 (Miss.1994).
III.
¶ 6. The formal complaint recites that Keith was at all times relevant “a member of the Bar subject to the disciplinary jurisdiction” of this Court. Keith responds that he was not a member of the Bar at the time of his indictments or guilty pleas. Keith was however still admitted to practice on March 1, 1997, when he began embezzling funds from his client.
¶ 7. This Court has previously issued multiple orders of disbarment. In 1990, James Fougerousse was disbarred after it was found that he had accepted client funds but failed to provide representation in criminal cases. Case No. 90-B-00373. Another bar complaint was pending against Fougerousse (for failing to file a bankruptcy petition on behalf of a client) at the time of the first disbarment. A second order of disbarment was entered in 1991. Case No. 90-B-00854. In that case, the underlying misconduct occurred in 1989, while Fougerousse was still licensed to practice law. A third order of disbarment was entered in 1992 for conduct (failure to file divorce pleadings) which occurred while Fougerousse was still licensed to practice law. Case No. 91-B-00313.
¶ 8. In the present case, Keith entered a plea of guilty to an indictment which charged him with embezzling funds from a client during the period from March 1, 1997 to June 22, 1998. Keith was still licensed to practice law until September 1997. It is clear that the underlying felonious conduct is subject to the discipline of the Bar even though the guilty plea and conviction for embezzlement occurred after disbarment for his previous conduct.
*859 IV.
¶ 9. Rule 12.1, as it applies to the present case, provided that a petition for reinstatement could not be filed until three (3) years after the date the order of disbarment became final.[1] Although he has not done so, Keith is now eligible to apply for reinstatement unless he is again sanctioned. Other states employ the practice of issuing multiple disbarments to extend the time after which a disbarred attorney may seek reinstatement, even when the offending conduct occurs after disbarment. See In re Teevens, 499 N.W.2d 887, 888 (N.D.1993).
¶ 10. The purpose of lawyer discipline is not so much to punish an errant attorney as it is to maintain standards of professional conduct which serve to protect the public and the administration of justice. La. State Bar Ass’n v. Krasnoff, 502 So.2d 1018, 1020 (La.1987). A second or consecutive order of disbarment may be appropriate so as to provide a complete record should the offending party seek readmission or admission in another jurisdiction. In re Tarletz, 165 Ariz. 243, 798 P.2d 381, 383 (1990). Courts have recognized an inherent authority to issue the most severe sanction solely to extend the time after which a previously disbarred attorney may seek readmission. In re White, 791 So.2d 602, 606 (La.2001). In the present case, it is necessary and appropriate that a second order of disbarment be issued to Keith.
¶11. IT IS, THEREFORE, ORDERED, ADJUDGED, and DECREED as follows:
¶ 12. James Anthony Keith should be, and is hereby, DISBARRED.
¶ 13. This order shall constitute notice of disbarment in this cause.
¶ 14. The Clerk of the Supreme Court of Mississippi shall immediately forward an attested copy of this order to the Circuit Court Judges and Chancellors in and for Harrison County, Mississippi, and the Senior Judges of such courts shall enter this order upon the minutes of their respective courts.
¶ 15. The Clerk of the Supreme Court of Mississippi shall immediately forward an attested copy of this order to the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi, the Clerk of the United States Court of Appeals for the Fifth Circuit, and the Clerk of the Supreme Court of the United States.
¶ 16. Costs of the formal complaint should be and are hereby assessed against James Anthony Keith.
¶ 17. SO ORDERED, ADJUDGED, and DECREED, this the 27th day of August, 2002.

. Rule 12(c) has now been adopted to provide that an attorney disbarred for conviction for certain felonies, including theft, occurring after April 4, 2002, shall be ineligible for reinstatement to the practice of law.