**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Ronald M. DOSCH, a Member of the Bar of the State of North Dakota.**

**DISCIPLINARY BOARD OF the SUPREME COURT OF the STATE OF NORTH DAKOTA, Petitioner**

v.

**Ronald M. DOSCH, Respondent**

**Civ. Nos. 940310 to 940315.**

Supreme Court of North Dakota.

Feb. 8, 1995.

Paul Wayne Jacobson (argued), Asst. Disciplinary Counsel, Bismarck, for petitioner.

Neil Thompson, of Thompson & Thompson, Devils Lake, for respondent. No appearance.

PER CURIAM.

A hearing panel of the Disciplinary Board found that attorney Ronald M. Dosch committed many acts of professional misconduct, and it recommended he be disbarred. The Disciplinary Board considered the matter, accepted the findings and recommendations of the hearing panel, and under Rule 3.1(F) of the North Dakota Procedural Rules for Lawyer Disability and Discipline, submitted its report and recommendation of disbarment for consideration by this court. We direct that Dosch be disbarred and that he pay the costs associated with these proceedings.

Dosch personally appeared with counsel before the hearing panel, and participated in the Disciplinary Board proceedings by telephone. He did not contest the allegations or evidence of wrongdoing, but presented mitigating evidence about his prior good record and standing in the community. Dosch did not file a brief or present oral

argument before this court.[1] We review disciplinary proceedings against attorneys *de novo* on the record under a clear and convincing standard of proof. *Matter of Goetz*, 474 N.W.2d 29 (N.D.1991). In our review, we accord due weight to the findings, conclusions, and recommendations of the hearing panel as adopted by the Disciplinary Board. *Id.* The record shows Dosch was involved in many instances of wrongful commingling of funds, stealing monies from clients, and misrepresentation to the court and others.

## HOFFAS ESTATE

Dosch was appointed special administrator of the Edwin Hoffas estate on January 28, 1987. As special administrator, he was to recover improper distributions by the previous administrator and correctly distribute the .estate assets to more than 200 heirs. Dosch improperly commingled funds between the estate checking account and a special administration account established by the county court. Dosch reported to the court that he had earned and accepted total fees of $29,508.75, when, in fact, he had taken a total of $97,766 from the estate.

The hearing panel found that Dosch had improperly commingled funds, accepted excessive fees from a client, and knowingly and intentionally submitted false and misleading reports to the court, in violation of the North Dakota Code of Professional Responsibility DR 1–102(A)(4), DR 2–105, and DR 9–102; the North Dakota Rules of Professional Conduct 1.5, 1.15, and 3.3; and the North Dakota Procedural Rules for Lawyer Disability and Discipline 1.2(A)(3).[2]

## ROMAN ESTATE

On January 7, 1988, Dosch was appointed special administrator of the Michael Roman estate. Dosch received approval from the court to receive $15,155 for his duties as special administrator. However, Dosch actually took from the estate a total amount of $41,599.41.

The hearing panel found Dosch had wrongfully taken money from the estate and from another client for purposes of replacing money taken from the estate and, in connection with those actions, lied to the court and deceived his clients, in violation of the North Dakota Rules of Professional Conduct 1.5, 1.15, and 3.3 and the North Dakota Procedural Rules for Lawyer Disability and Discipline 1.2(A)(3).

## LEE ESTATE

On February 1, 1993 Dosch was appointed executor of the Frances Lee estate. Prior to her death, Lee was a resident of the Devils Lake Good Samaritan Center and owed rent to the Center for December 1992 and January 1993. In April 1993, Lee's insurance company paid $1,467 to Dosch for payment of the December rent. Dosch deposited the money into his office trust account on May 5, 1993. However, the rent was not paid to the Center until after an employee telephoned Dosch in September 1993 requesting payment. During that telephone conversation, Dosch lied, stating that he had just received payment from the insurance company for the rent.

The hearing panel found Dosch had failed to promptly deliver the rent monies to the Good Samaritan Center received by him from the insurance company and had misrepresented his receipt of those funds, in violation of the North Dakota Rules of Professional Conduct 1.15 and the North Dakota Procedural Rules for Lawyer Disability and Discipline 1.2(A)(3).

## WALKER PARTNERSHIP AGREEMENT

In December 1992, Dosch offered attorney Michael Walker a one-third partnership in-

---

1. Under Rule 4.2 of the North Dakota Procedural Rules for Lawyer Disability and Discipline, a lawyer may consent to discipline. Under Rule 3.1(F), the lawyer may file objections to the Disciplinary Board's report and may also file a brief and present oral argument to this court. However, the lawyer is not required to do any of these things.

2. Dosch's wrongful conduct occurred before and after January 1, 1988. So, it falls under both the former North Dakota Code of Professional Responsibility, effective from January 1, 1977 to December 31, 1987, and the current North Dakota Rules of Professional Conduct, effective January 1, 1988. This opinion cites to the rules applicable to the specific misconduct when it occurred.

terest in his law firm for $75,000. Dosch knew the Internal Revenue Service was investigating him for taking monies in the Hoffas and Roman estates, but he concealed this information from Walker. In June 1993, Dosch assisted Walker in borrowing money from a bank to pay a note Walker had signed, payable to Dosch for purchase of the one-third partnership interest. While assisting Walker to obtain those funds, Dosch concealed his knowledge that the Disciplinary Board had served him with a petition alleging trust account violations and conduct involving dishonesty and fraud relating to the Hoffas estate. The panel found in these matters that Dosch had acted dishonestly in violation of the North Dakota Procedural Rules for Lawyer Disability and Discipline 1.2(A)(3).

## HEIT, BUERKETT, AND HAHN ACCOUNTS

Dosch represented Dann Heit in a personal injury matter for which he received monies that were deposited in the law office trust account. Dosch converted funds from that account, causing an overdraft of the account and the unavailability of the funds that were to be held in trust for Heit, pending resolution of other issues in the case. The panel found Dosch had violated the North Dakota Rules of Professional Conduct 1.15(a), (b), and (c) and the North Dakota Procedural Rules for Lawyer Disability and Discipline 1.2(A)(3).

Dosch received $12,200 for distribution to his client, Lorilea Buerkett, which he deposited in the law office trust account. Dosch wrote Buerkett, stating that upon his receipt of a signed release from her, he would mail her the money, but Dosch had converted a portion of the funds held in trust and there were, at that time, insufficient monies to cover the $12,200 payment. The panel found that Dosch, by this action, had violated the North Dakota Rules of Professional Conduct 1.15(a) and (b) and the North Dakota Procedural Rules for Lawyer Disability and Discipline 1.2(A)(3).

Dosch borrowed $18,000 from his client, Patricia Hahn, which he used to replace monies he had taken from the Roman estate.

The panel found Dosch had violated North Dakota Rules of Professional Conduct 1.8(a), by failing to advise Hahn to seek advice from independent counsel before making the loan to Dosch.

## SANCTIONS

Dosch did not submit rebuttal evidence or objections to refute any of the foregoing allegations of misconduct by him. We conclude the record contains clear and convincing evidence to support the Disciplinary Board's conclusions that Dosch violated the North Dakota Code of Professional Responsibility, the North Dakota Rules of Professional Conduct, and the North Dakota Procedural Rules for Lawyer Disability and Discipline. Dosch lied to, deceived, and made misrepresentations to the court, his clients, third-parties, and his attorney partner. In addition, Dosch stole considerable amounts of money from some of his clients. His breaches of the rules of attorney conduct are egregious and recurrent. A lawyer's conversion of a client's funds to his own use is impossible to condone and is one of the least excusable acts of misconduct for which a lawyer can be disciplined. *Disciplinary Action Against Lashkowitz*, 502 N.W.2d 502, 504 (N.D.1993).

Under Rule 9.0 of the North Dakota Standards for Imposing Lawyer Sanctions, we consider aggravating and mitigating circumstances in deciding the appropriate sanction. Mitigating circumstances are that Dosch does not have a prior disciplinary record, Dosch gave full disclosure to the hearing panel and cooperated during the hearing process, Dosch showed remorse during the hearing, and Dosch has experienced some personal and emotional problems for which he has sought treatment and has completed an inpatient program for alcoholism. Dosch has also enjoyed a good reputation in his local community and has volunteered in many organizations and activities. However, the aggravating circumstances here are also significant. Dosch converted significant sums of client funds to his own use with dishonest and selfish motives. He committed multiple offenses of conversion of trust account funds and commingled his personal funds with

client funds. He has exhibited a pattern of misconduct over a period of years, including false statements to the court, to his clients, and to others. Furthermore, Dosch did not make restitution of converted funds in this case, until an Internal Revenue Service investigation disclosed the conversion, forcing Dosch to make restitution.

Rules 4.11 and 5.11(a) and (b) of the sanction standards authorize disbarment for a single instance, when a lawyer steals from a client, or lies to a client for the lawyer's benefit, or intentionally interferes with the administration of justice. Having considered all factors presented in this record, we conclude that disbarment is the appropriate sanction. Accordingly, we order that Ronald M. Dosch be disbarred and his name removed from the roll of lawyers authorized to practice before this court.

 Under Rule 1.3 of the North Dakota Procedural Rules for Lawyer Disability and Discipline, costs and expenses of the discipline proceedings, unless otherwise ordered, are to be assessed against the disciplined lawyer. Under Rule 2.7(b) of the North Dakota Standards for Imposing Lawyer Sanctions, assessment of costs is an authorized sanction. Accordingly, we further order that Ronald M. Dosch pay to the secretary of the Disciplinary Board the costs and expenses of these disciplinary proceedings.

## CREDIT FOR REINSTATEMENT

Under Rule 4.5(D) of the North Dakota Procedural Rules for Lawyer Disability and Discipline, a lawyer who has been disbarred cannot apply for reinstatement until the expiration of at least five years from the effective date of the disbarment. Dosch was temporarily suspended from practicing law by order of this court on October 20, 1993. By letter, Dosch's attorney has requested us to give Dosch credit for the time he has been under temporary suspension toward the five-year period he must wait to apply for reinstatement.

Dosch has cited no authority to support his request. He made the same request to the Disciplinary Board, which concluded in its recommendation to us that this is not an appropriate case to grant the requested credit of time. We agree. Dosch took full advantage of the procedural protections offered by the careful and complex process that resulted in his disbarment. He did not consent to discipline, which was his right, but he cannot rightly demand credit for the time it took for his case to wind its way through the disciplinary process. Dosch's wrongful conduct involved recurrent dishonest activities, extending over a considerable period of time, and involving many complexities which added to the length of time for formal proceedings to be completed. We conclude Dosch is not entitled to credit for his time under temporary suspension toward his application for reinstatement.

VANDE WALLE, C.J., and MESCHKE, LEVINE, NEUMANN and SANDSTROM, JJ., concur.