2003 ND 74

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Kevin R. QUERY, a Person Admitted to the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Kevin R. QUERY, Respondent.

Nos. 20030024, 20030025.

Supreme Court of North Dakota.

May 6, 2003.

Paul W. Jacobson, Bismarck, ND, for petitioner.

Kevin R. Query, pro se, Brainerd, MN, respondent.

PER CURIAM.

[¶ 1] Disciplinary Counsel objects to a report by the hearing panel of the Disciplinary Board which recommended the effective date of lawyer Kevin R. Query's disbarment should be October 15, 1997, the date of an interim suspension order. We adopt the hearing panel's recommendations that Kevin R. Query be disbarred and that he pay the costs and expenses associated with the disciplinary proceedings. We reject the hearing panel's recommendation that the time period for disbarment should begin on the date of the interim suspension order. We order Kevin R. Query disbarred from the practice of law, effective as of the date of this order, and we order him to pay costs and ex-

penses for the disciplinary proceedings in the amount of $2,612.51.

## I

[¶ 2] Kevin R. Query was licensed to practice law in North Dakota in 1985. Query remained a member of the Bar of North Dakota until he was suspended, under N.D.R. Lawyer Discipl. 4.1(C) and (D), on October 15, 1997. *Disciplinary Board v. Query,* 1997 ND 196, 568 N.W.2d 926. On October 14, 1997, Disciplinary Counsel filed a petition for discipline and an application for interim suspension, requesting Query be immediately suspended from the practice of law in North Dakota because Query was convicted of a serious crime. Query was convicted on September 30, 1997, in Iowa of two felonies, sexual abuse in the third degree and sexual exploitation of a minor. Query was sentenced to imprisonment for a period not to exceed ten years and fined $5,000 for each of the two counts, with the sentences to be served concurrently. Rule 4.1(C), N.D.R. Lawyer Discipl., defines serious crime to include "any felony." Concluding Query was convicted of a serious crime, this Court entered an order of interim suspension, under N.D.R. Lawyer Discipl. 4.1(D), on October 15, 1997. Query's license to practice law in North Dakota was suspended until further order of this Court.

[¶ 3] On February 24, 1999, the Iowa Court of Appeals affirmed Query's convictions and sentence; and on May 14, 1999, the Iowa Supreme Court denied further review of the case. Query was released from prison in June 2002.

[¶ 4] On October 29, 2002, Query testified before a hearing panel of the Disciplinary Board on the petition for discipline.[1] The hearing panel recommended in a report filed January 20, 2003, Query be disbarred from the practice of law in North Dakota, and "the applicable time period from which his disbarment should run shall be deemed to have commenced on October 15, 1997, the date of the interim suspension." The hearing panel also recommended Query be allowed to reapply for admission under the applicable rules and procedures and that Query pay costs associated with the disciplinary proceedings.

[¶ 5] Query did not file any objection to the hearing panel's report. Disciplinary Counsel objects to the hearing panel's recommendation of retroactive disbarment by setting the effective date of Query's disbarment at the date of the interim suspension order.

## II

[¶ 6] This Court reviews disciplinary proceedings de novo on the record under a clear and convincing standard of proof. *Disciplinary Board v. Landon,* 1999 ND 202, ¶ 10, 600 N.W.2d 856. In the context of disciplinary proceedings, de novo "means we give due weight to the hearing panel's findings and recommendations, but we do not act as a mere rubber stamp." *Disciplinary Board v. Swanson,* 2002 ND 6, ¶ 6, 638 N.W.2d 240. We review each attorney discipline case on its own facts to determine what discipline is warranted. *Id.*

[¶ 7] Query did not object to the recommendations of the hearing panel; thus, Query has not contested the appropriateness of imposing disbarment or that he pay the costs and expenses associated with the disciplinary proceedings. The only is-

---

1. Rule 4.1(E), N.D.R. Lawyer Discipl., provides that after conviction for a serious crime, a hearing addressing the extent of final discipline will not be brought "until all appeals from the conviction are concluded, unless the respondent requests that the matter not be deferred." Query did not request an earlier hearing under the rule.

sue is the effective date of Query's disbarment which commences the time period from which Query must wait to apply for reinstatement.

■ [¶ 8] Under N.D.R. Lawyer Discipl. 4.5(D), "[a] lawyer who has been disbarred may not apply for reinstatement until the expiration of at least five years from the effective date of the disbarment." The Rule states a lawyer may apply for reinstatement after five years from the date of disbarment and does not suggest retroactivity. In *Disciplinary Board v. Dosch,* 527 N.W.2d 270, 274 (N.D.1995), Dosch's attorney requested this Court to give Dosch credit for the time he had been under temporary suspension toward the five-year period an attorney must wait to apply for reinstatement after disbarment. Dosch had made the same request to the Disciplinary Board, which concluded in its recommendation to this Court that Dosch's case is not an appropriate case to grant the requested credit of time. *Id.* We agreed with the Disciplinary Board and concluded Dosch was not entitled to credit for the time he was under temporary suspension toward the five-year period he must wait to apply for reinstatement. *Id.*

■ [¶ 9] Query argues, under the facts and circumstances of this case, it is appropriate to retroactively set the effective date of disbarment at the date of the interim suspension order, and to allow him to immediately petition for reinstatement, if he desires. We reject Query's argument. "The primary purpose of disciplinary proceedings is to protect the public." *Disciplinary Board v. Rau,* 533 N.W.2d 691, 695 (N.D.1995). The hearing panel report states no reason why the effective date for disbarment should be retroactively applied to the date of the interim suspension order, and there is no apparent reason in the record. The crimes Query was convicted of were serious and relate directly to his trustworthiness and his willingness to abuse someone over whom he exercised control and who should be able to trust him to exercise control. Under the circumstances of this case, the public is not adequately protected by entitling Query credit for the time he was under temporary suspension toward the five-year period Query must wait to apply for reinstatement. We conclude Query's period of disbarment begins on the date of this order.

### III

[¶ 10] We order Query disbarred. Costs and expenses of the disciplinary proceedings are an authorized sanction and, unless otherwise ordered, are to be assessed against the disciplined lawyer. *Disciplinary Board v. Rau,* 533 N.W.2d 691, 695 (N.D.1995). Accordingly, we also order Query to pay costs and expenses for the disciplinary proceedings in the amount of $2,612.51.

[¶ 11] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.