[No. C.D. 3697.  En Banc.  August 1, 1974.]

*In the Matter of the Reinstatement of* ARTHUR S. W. CHANTRY.

[See Ann. 70 A.L.R.2d 268, 283; 7 Am. Jur. 2d, Attorneys at Law § 71.]

*Arthur S. W. Chantry,* pro se.

*Michael E. Jacobsen,* for Bar Association.

ROSELLINI, J.—For violations of Canons of Professional Ethics 11 and 29, and Rule for Discipline of Attorneys 1A (as adopted November 2, 1960), RCW vol. 0, Arthur S. W. Chantry was disbarred on October 28, 1965. *In re Chantry,* 67 Wn.2d 190, 407 P.2d 160 (1965). The details of the violations are set forth in that opinion and need not be repeated here.

Mr. Chantry's application for reinstatement is before us for consideration, accompanied by a recommendation of the Board of Governors that his application be granted.

. The board, after hearing the petitioner's testimony and after considering the supporting affidavits of attorneys and others associated with him and the investigative report of William R. Anderson, all of which expressed unequivocal confidence in the rehabilitation of the petitioner and in his present moral fitness to practice law, entered affirmative findings with respect to those matters which we have said must be considered on an application for reinstatement and which are set forth in *In re Eddleman,* 77 Wn.2d 42, 459 P.2d 387, 461 P.2d 9 (1969).

The conduct leading to the petitioner's disbarment involved the misappropriation of a client's funds, and it appears that restitution was made shortly after his disbarment.

The record shows that in the years just prior to and at the time of his disbarment, the petitioner was deeply involved in marital and alcohol problems. The marriage ended in divorce in 1964. On July 2, 1968, he quit drinking and according to his testimony, which was supported by the other evidence before the board, he has not had a drink since. He stated that he will never have a drink again. Mr. Chantry remarried in 1971, and the evidence tended to show that this marriage is a happy one.

Since the latter part of 1969, Mr. Chantry has been employed by the State of Washington, Department of Motor Vehicles, as a hearing officer, conducting implied consent hearings. His superiors, as well as attorneys who have appeared before him, stated in their affidavits that he has conducted these hearings with fairness, consistency and impartiality, that his resourcefulness and initiative are exceptional, and that his conduct has been exemplary.

The findings of William R. Anderson, who investigated the petitioner's situation on behalf of the board, confirmed his testimony and the supportive statements contained in the affidavits.

Our review of this record convinces us that the board's findings were made upon ample evidence and that

it was justified in recommending his reinstatement. Judging from his conduct in the past 4 years, we think it can be safely concluded that his reinstatement as a member of the bar of this state will not be detrimental to the integrity and standing of the bar and the administration of justice nor contrary to the public interest.

The petition is granted, and upon his satisfactorily passing the attorney's examination required by rule 4 of the Rules for Admission to Practice, Mr. Chantry will be readmitted to the practice of law in this state. The cost bill filed by the Washington State Bar Association is approved.

HALE, C.J., and FINLEY, HUNTER, HAMILTON, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.