**Application of Roger A. McKinnon for Reinstatement to the Bar of the State of North Dakota.**

**Roger A. McKINNON, Petitioner,**

v.

**DISCIPLINARY BOARD OF the SUPREME COURT, Respondent.**

Civ. No. 8785.

Supreme Court of North Dakota.

March 2, 1978.

As Corrected May 9, 1978.

Gregory D. Morris, Bismarck, for respondent.

Roger A. McKinnon, pro se.

ERICKSTAD, Chief Justice.

On March 28, 1972, this court revoked Roger A. McKinnon's certificate of admission as an attorney and counselor at law.

The syllabus of our opinion reads:

"The respondent attorney, having violated Disciplinary Rule 1–102(A)(4) of Canon 1, and Canons 4, 5, 6 and 7 of the Code of Professional Responsibility, and having brought reproach upon the Bar of this State, in violation of Section 27–14–02, N.D.C.C., his certificate of admission to the Bar of this State as an attorney

and counselor at law is revoked." *In re McKinnon*, 200 N.W.2d 62 (N.D.1972).

On October 12, 1977, McKinnon filed with this court a petition requesting that he be reinstated as an active member of the Bar of the State of North Dakota. In support of his application, he asserted (1) that his license to practice law was revoked on March 28, 1972 (actually, his certificate of admission to practice was revoked), (2) that more than five years have elapsed since that revocation, (3) that he has a wife and a family and desires to better their lot in life as well as his own, (4) that during this period he has been unable to obtain suitable employment on a permanent basis, being able to obtain only temporary employment through the CETA program of the State Employment Service, and (5) that he has applied for several positions that did not require a law degree, but feels that due to the fact that he has such a degree and is unable to practice that he was not accepted for the positions.

█ He did not set forth facts showing that he is entitled to have the order of discipline vacated, terminated, or modified as required by Rule 15(b), N.D.R.D.P.[1] Mere passage of time and penitence are not alone sufficient grounds for reinstatement. *In re Bennethum*, 278 A.2d 831 (Del.1971).

In this connection, we note that the Supreme Court of Florida lists six elements which it considers in any application for reinstatement.

"The elements to be considered in regard to reinstatement of an attorney are:

1. Strict compliance with the disciplinary order.

2. Evidence of unimpeachable character.

3. Clear evidence of a good reputation for professional ability.

4. Evidence of lack of malice and ill feeling toward those involved in bringing the disciplinary proceedings.

---

1. "(b) A petition under subdivision (a) shall bear the case number and caption appearing in the order of discipline and the original and one copy thereof shall be filed with the Clerk of the Supreme Court and by him· filed and made a part of the record in the proceeding. The petition shall set forth facts showing that the respondent is entitled to have the order of discipline vacated, terminated, or modified." Rule 15(b), N.D.R.D.P.

5. Personal assurances of sense of repentence and desire to conduct practice in exemplary fashion in the future. 6. Restitution of funds." *In re The Florida Bar*, 301 So.2d 448, 449 (Fla. 1974).

By referring to the elements considered in Florida, we are not limiting our scope of review to those elements, nor are we suggesting the Disciplinary Board or one of its panels is so limited.

■ As an earlier Florida decision indicated, the essential elements will vary with the particular case, depending primarily upon the requirements of the disciplinary order, as well as upon the nature of the offense which resulted in the disciplinary action. *In re Dawson*, 131 So.2d 472 (Fla. 1961).

■ On an application for reinstatement after a lawyer's certificate of admission has been revoked, the hearing body should attempt to determine whether or not reinstatement would be detrimental to the integrity and standing of the Bar of this State and the administration of justice, or contrary to public interest. *In re Chantry*, 84 Wash.2d 153, 524 P.2d 909, 910 (1974).[2]

2. "Rule 20. *REINSTATEMENT*.
\* \* \* \* \* \*
C. *Hearing on Application*. \* \* \* The hearing committee shall within 30 days after referral schedule a hearing at which the petitioner shall have the burden of demonstrating by clear and convincing evidence that he has the moral qualifications, competency and learning in law required for admission to practice law in this state and that his resumption of the practice of law within the state will not be detrimental to the integrity and standing of the bar or the administration of justice, or subversive of the public interest. \* \* \* " Standing Committee on Professional Disciplinary Center for Professional Discipline, *Suggested Guidelines for Rules of Disciplinary Enforcement* (3d Ed. 6/9/77).

3. "(c) Upon receipt of a petition under subdivision (a), the clerk shall immediately forward a copy thereof to the disciplinary board, which shall consider the same and within forty-five days after its receipt, report to the Court in duplicate its findings, conclusions and recommendations. The proceedings before the disciplinary board relating to the petition shall be governed by the applicable

Notwithstanding this failure to comply with the Rules, this petition was referred by our court to the Disciplinary Board established pursuant to the North Dakota Rules of Disciplinary Procedure. Thereafter, the chairman of the Disciplinary Board, Malcolm Brown, appointed a three-member hearing panel consisting of Bea Peterson, Lowell Tjon, and himself. At a hearing held on the 14th of November, 1977, McKinnon appeared and testified on his own behalf and submitted to cross-examination conducted by members of the panel and by Gregory D. Morris, counsel for the Disciplinary Board. Attorney L. E. Greenwood of Dickinson also testified on McKinnon's behalf.

At the conclusion of the hearing, findings, conclusions, and recommendations were prepared and signed by the members of the panel. These findings, conclusions, and recommendations were later acknowledged by the Board but not acted on by the Board. They were then submitted to this court. This procedure of referring the recommendations of the panel directly to our court is pursuant to Rules 15(c), 10(1), and 5(a) and (c) of the North Dakota Rules of Disciplinary Procedure.[3]

provisions of these rules governing hearings in disciplinary proceedings. The burden is upon an applicant seeking reinstatement to establish the averments of his application by clear and convincing evidence. The clerk, on receipt of the report, shall mail a copy thereof to the respondent." Rule 15(c), N.D.R. D.P.

"(1) Unless the hearing body dismisses or the matter is concluded by private reprimand, the hearing body, within 60 days after the conclusion of its hearing, shall submit to the Supreme Court a report containing its findings and recommendations, together with the entire record of its proceedings. . . ." Rule 10(1), N.D.R.D.P.

"(a) A three-member hearing panel of the disciplinary board, the board en banc, and the hearing officer are designated in these rules as 'the hearing body.'
\* \* \* \* \* \*
"(c) After the hearing has been concluded, the hearing body may:
(1) dismiss the complaint;
(2) notify the respondent that a private reprimand will be issued by the board as provided in Rule 8; or

McKinnon was ordered to show cause why this court should not adopt the findings, conclusions, and recommendations of the hearing panel, and a date for the hearing on the order was scheduled for December 1, 1977, and then rescheduled (because the transcript of the hearing before the panel was not available) to be heard on February 14, 1978. On the 13th of February, 1978, McKinnon and Morris executed a document entitled Stipulation, Waiver, and Agreement wherein they said that they had no objection to the findings and recommendations of the hearing panel and that they waived oral argument and the submission of briefs. The pertinent part of their agreement follows:

"It is agreed and stipulated that the recommendation of the Disciplinary Board's Hearing Panel of retaking the Bar Examination be adopted by the Court as the Court has the authority and power to impose this condition by virtue of constitutional and statutory provisions (Constitution of N.D. Sec. 87; Sec. 27–14–01, N.D.C.C.) and provisions of the North Dakota Disciplinary Rules. (Rule 15(3)[c] N.D.R.D.P.)

"It is further agreed and stipulated that the fact that the petitioner had his certificate of admission revoked, the length of time of the revocation, the lack of continuing legal education by the petitioner since the revocation in view of the numerous changes in the law and his admission with regard to his ability to resume private practice on his own are sufficient factual basis for imposition of the condition of retaking and passing the North Dakota Bar Examination."

At this point, parts (d) and (e) of Rule 15 of the North Dakota Rules of Disciplinary Procedure appear pertinent.

"(d) The Supreme Court may accept or reject the report, or, in its discretion, refer the matter or conduct its own hearing and make any order it finds appropriate. If the court refers the matter or sets its own hearing on the report, the respondent may cause a complete transcript of the proceedings before the disciplinary board to be certified to the Court.

"(e) If the petitioner is found unfit to resume the practice of law, the petition shall be dismissed and investigative costs assessed. If the petitioner is found fit to resume the practice of law, the judgment shall reinstate him, but the judgment may make the reinstatement conditional on the payment of all or part of the costs of the proceeding, and upon the making of partial or complete restitution to parties harmed by the petitioner's misconduct which led to his suspension or disbarment. Also, the reinstatement may be conditioned upon the furnishing of such proof of competency as may be required by the judgment in the discretion of the Supreme Court, which proof may include certification by the State Bar Board of the successful completion of examination for admission to practice subsequent to the date of suspension or disbarment."

Although the panel did not specifically find the petitioner "fit", we must assume the panel was cognizant of the Rules and that it found the petitioner "fit" when it recommended that he be reinstated upon the successful completion of an examination for admission to practice law subsequent to the date of his disbarment.

In light of our study of the transcript of the hearing before the panel, our previous experience with the petitioner which resulted in our revocation of his certificate of admission to practice law in this State, and findings X, XI, XII, and XIII of the panel, we believe it necessary to add a condition to the conditions that the panel recommended. Those findings follow:

"X.

---

(3) recommend public reprimand, suspension, or disbarment, in which case it shall submit to the Supreme Court a report containing its findings and recommendations, together with the entire record of its proceedings." Rule 5(a) and (c), N.D.R.D.P.

"The Petitioner has not been gainfully employed for any substantial period of time since the date of disbarment.

"XI.

"The conduct which occasioned the order of disbarment was for the most part caused by excessive use of alcohol and the Petitioner continues to consume alcoholic beverages.

"XII.

"The Petitioner does not intend to resume a private practice of law if readmitted and admits he is not competent to do so.

"XIII.

"The Petitioner has not continued his legal education outside of occasional legal research conducted on behalf of other attorneys."

 The additional condition that we believe essential for the protection of the public is that the petitioner be reinstated as a member of the Bar of this State, only if he is able to secure a sponsor who will agree to supervise him in his practice of the law and make regular reports thereof to the Disciplinary Board of his conduct in light of the Code of Professional Responsibility, the Laws of North Dakota, the North Dakota Rules of Disciplinary Procedure, and the Procedural Rules of the Disciplinary Board of the Supreme Court of the State of North Dakota. In that connection, we respectfully suggest that the Disciplinary Board adopt such additional procedural rules as it determines necessary to accomplish proper supervision of the petitioner and others who may be found in like circumstances in the future. In imposing this additional condition, we do so recognizing that our greatest concern in considering an application for reinstatement of an attorney should be the welfare of the public. Accordingly, we should reinstate an attorney only when we are convinced that the public can rely on the competency and integrity of the petitioner. *In re Barton*, 273 Md. 377, 329 A.2d 102 (1974). It is our hope that by imposing this condition not only will the public interest be protected, but that the integrity and standing of the Bar of this State will be preserved and the administration of justice insured.

 Accordingly, it is ordered that the petitioner be reinstated to active status as a member of the Bar of this State,[4] and a license to practice law in this State be issued to him upon his payment therefor, only (1) after he has filed with our court a certificate of the State Bar Board indicating that he has successfully completed subsequent to this date an examination for admission to practice law in this State, (2) after he has filed with the Disciplinary Board of our court a certificate of a sponsor who is a duly qualified and currently licensed member of the Bar association of this State who is actively engaged in the practice of law in this State which certifies that the sponsor will supervise the petitioner pursuant to the rules adopted by the Disciplinary Board,[5] and (3) after he has paid or has made arrangements with the chairman of the Disciplinary Board to pay all costs of the Disciplinary Board, the hearing panel, and the proceedings in conjunction with the revocation of his certificate of admission and his application for reinstatement. *Cf. In re Delves*, 203 So.2d 168 at 169–170 (Fla.1967).

SAND, PAULSON, PEDERSON and VOGEL, JJ., concur.

---

4. "In these rules, unless the context or subject matter otherwise requires:

  \*   \*   \*   \*   \*   \*

  (i) 'Reinstatement to active status' means the reissuance of a certificate of admission to the bar." Rule 1(i), N.D.R.D.P.

5. In the event that the petitioner is unable to secure a sponsor to supervise him in his practice and files with the Disciplinary Board proof of conscientious effort made over a reasonable period of time to secure such a sponsor, the petitioner may propose in writing to the Disciplinary Board an alternate method of supervision which shall be considered by the Disciplinary Board and which, if found satisfactory by the Disciplinary Board, may be utilized in lieu thereof.