1997 ND 148

**In the Matter of the Application for Reinstatement to the Bar of North Dakota of Bruce R. MONTGOMERY.**

**Bruce R. MONTGOMERY, Petitioner,**

v.

**DISCIPLINARY BOARD OF THE SUPREME COURT OF THE STATE OF NORTH DAKOTA, Respondent.**

**Civil No. 960391.**

Supreme Court of North Dakota.

July 21, 1997.

Rehearing Denied Aug. 11, 1997.

Carl O. Flagstad, Jr., Minot, for Petitioner.

Paul W. Jacobson, Assistant Disciplinary Counsel, Bismarck, for Respondent.

PER CURIAM.

[¶ 1] Bruce R. Montgomery has filed a petition for reinstatement to the bar. We conclude the hearing panel and Disciplinary Board failed to adequately consider Montgomery's pre-disbarment conduct when they recommended reinstatement, and we remand to the Board for further proceedings.

I

[¶ 2] Montgomery was disbarred on February 10, 1988, for misconduct occurring while he was a partner in the Minot law firm Teevens, Johnson & Montgomery, P.C.[1] *See In re Montgomery*, 418 N.W.2d 789 (N.D. 1988). Montgomery consented to disbarment, stipulating he and William Teevens had improperly commingled funds from settlement proceeds payable to client Cynthia Bossert, and borrowed funds from Bossert which the firm was unable to repay. Montgomery also stipulated:

"(a) Montgomery received a check for $7,000 payable to LeRoy and Lola Sondrol, endorsed both names, and deposited it into the firm's trust account, rather than into a farm account held jointly by the Sondrols.

"(b) A substantial portion of the funds was extended immediately for the firm's benefit, which fact was misrepresented to the client, to opposing counsel, and to Inquiry Committee West."

[¶ 3] Later in 1988, disciplinary counsel filed a disciplinary complaint against Montgomery based upon four additional claims of misconduct. The Board dismissed the complaint without prejudice on July 15, 1992, stating:

"The Board determined that the proceedings should not go forward as Respondent Montgomery was disbarred by the North Dakota Supreme Court on February 10, 1988. The Board ORDERED that the proceedings be DISMISSED WITHOUT PREJUDICE based on the disbarment. Further, that information will be retained for consideration should Respondent Mont-

---

1. Teevens and Johnson also have disciplinary histories culminating in disbarment. *See In re Teevens*, 499 N.W.2d 887 (N.D.1993); *In re Johnson*, 481 N.W.2d 225 (N.D.1992); *In re Johnson*, 472 N.W.2d 914 (N.D.1991); *In re Johnson*, 418 N.W.2d 790 (N.D.1988); *In re Teevens*, 418 N.W.2d 789 (N.D.1988).

gomery apply for reinstatement to the Bar of the State of North Dakota."

Further disciplinary proceedings were initiated against Montgomery in 1994, and again the Board dismissed without prejudice because Montgomery had already been disbarred.

[¶ 4] In February 1995, Montgomery filed a petition seeking reinstatement. The Board referred the matter to a hearing panel under Rule 4.5(F), N.D.R.L.D., and a hearing was held on September 29, 1995. The hearing panel issued findings and recommended Montgomery be reinstated. The Board adopted the findings and recommendation of the hearing panel and submitted its report to this Court. We have jurisdiction under N.D. Const. Art. VI, § 3, and Rule 4.5, N.D.R.L.D.

## II

[¶ 5] We review disciplinary proceedings against attorneys de novo on the record under a clear and convincing standard of proof. *In re LaQua*, 548 N.W.2d 372, 373 (N.D.1996). We accord due weight to the findings, conclusions, and recommendations of the hearing panel as adopted by the Board. *In re Nassif*, 547 N.W.2d 541, 542 (N.D.1996). Each disciplinary case must be judged on its own facts and merits. *LaQua* at 373.

[¶ 6] A disbarred attorney petitioning for reinstatement bears a heavy burden of proof:

"The petitioner has the burden of establishing the averments of his application for readmission by clear and convincing evidence. The proof must be of a satisfactory character and of sufficient weight to overcome the former adverse judgment as to the petitioner's character."

*Application of Christianson*, 215 N.W.2d 920, 923 (N.D.1974); *see also* Rule 4.5(F), N.D.R.L.D.

## III

[¶ 7] Disciplinary counsel asserts the hearing panel and the Board erred in failing to give adequate consideration to the serious nature of Montgomery's pre-disbarment misconduct. We agree.

[¶ 8] Rule 4.5(F), N.D.R.L.D., lists numerous factors to be considered when determining whether to reinstate a disbarred or suspended attorney. The Rule says, in part: "Factors that may be considered include evidence of the following: ... 7. Notwithstanding the conduct for which the petitioner was disciplined, the petitioner has the requisite honesty and integrity to practice law."

[¶ 9] At the hearing on the petition for reinstatement, Montgomery objected to introduction of evidence regarding pre-disbarment conduct. Montgomery asserted the sole issue on reinstatement was rehabilitation, and matters occurring prior to disbarment were irrelevant. The following colloquy occurred:

"MS. NORDSVEN [Chair of the Hearing Panel]: Mr. Flagstad, am I to understand that the objection you indicated earlier with respect to the scope of the examination pertaining to issues prior to the disbarment and activities of the disbarment not be considered continues? Is that a continuing objection?

"MR. FLAGSTAD [Montgomery's counsel]: Yes, it is.

"MS. NORDSVEN: Okay. Then based on that, although I think there is some relevancy to that, I think that we've gone, Mr. Jacobson, to the extreme. I don't think we need to go into a great deal of detail regarding items and issues that certainly would have been relevant prior to the disbarment. If you have information relative to financial integrity subsequent to disbarment, by all means, we need to consider that. But to the extent financial statements were filed prior to disbarment that may not or may have been accurate, I really don't—if they have any relevancy today, it's escaping me at the moment. So I would ask that you move on and concentrate on a time frame subsequent to disbarment.

"MR. JACOBSON [Disciplinary Counsel]: Okay. With the indulgence of the panel, I must go on to a certain extent with his predisbarment activities because of the extreme importance of them in determining his honesty and integrity. . . .

"MS. NORDSVEN: Well, Mr. Jacobson, I'd call your attention to (F)(7), and it says, Notwithstanding the conduct for which the petitioner was disciplined. Okay. Notwithstanding. The petitioner has the requisite honesty and integrity to practice law.

"MR. JACOBSON: Right.

"MS. NORDSVEN: So I think our focus has to be subsequent to that time. Now, with respect to Mr. Teevens' deposition if you intend to introduce it and it is admitted, we'll certainly look at that, but, again, I think our concentration has to be subsequent to the disbarment. All of this certainly was a part of the initial disbarment proceeding."

After further discussion on the issue with counsel, the hearing panel chair concluded:

"MS. NORDSVEN: All right. I'm going to ask again, Mr. Jacobson, that you move on and that you try to narrow your scope of inquiry to what appears to be relevant subsequent to disbarment."

 [¶ 10] The hearing panel and the Board have misconstrued Rule 4.5(F), N.D.R.L.D., and have ignored our precedent regarding the proper scope of inquiry on a petition for reinstatement of a disbarred attorney. The language "Notwithstanding the conduct for which the petitioner was disciplined" in Rule 4.5(F) does not mean pre-disbarment conduct is irrelevant to the issue of reinstatement. Rather, it requires the petitioner to prove by clear and convincing evidence he currently has the requisite honesty and integrity to practice law, *in spite of* the misconduct committed in the past. The rule envisions a balancing of the evidence of the petitioner's current good character with the seriousness of the prior misconduct.

[¶ 11] Our caselaw supports this interpretation. For example, in *Application of Christianson*, 202 N.W.2d 756, 759 (N.D. 1972), the Court quoted the relevant standard:

" 'Upon an application for reinstatement, the mere formal proof of good moral character required upon an original application for admission is not enough; but the proof must be of a satisfactory character, and of sufficient weight to overcome the former

adverse judgment as to the applicant's character.' *In Re Simpson*, 11 N.D. 526, 93 N.W. 918."

The Court concluded allegations of additional misconduct occurring before the attorney's suspension should be considered in determining whether to reinstate:

"It is necessary that this Court consider the new complaint along with Mr. Christianson's application for reinstatement since the causes proved in the complaint have a direct bearing on his qualifications to practice law in this state. Several of the items in the complaint occurred prior to Mr. Christianson's suspension, while others have occurred since. No single one of these items in and of themselves would warrant disbarment of Mr. Christianson. They do, however, have a direct bearing on his application for reinstatement in that they tend to sustain the former adverse judgment of Mr. Christianson's character which this Court found in its decision of February 13, 1970."

*Christianson* at 759.

[¶ 12] The need to consider *all* relevant evidence of the attorney's honesty and integrity, whether pre- or post-disbarment, arises from the unique public protection function of the disciplinary process:

"[O]ur greatest concern in considering an application for reinstatement of an attorney should be the welfare of the public. Accordingly, we should reinstate an attorney only when we are convinced that the public can rely on the competency and integrity of the petitioner."

*McKinnon v. Disciplinary Board*, 264 N.W.2d 448, 452 (N.D.1978). Mere passage of time and penitence by the petitioner are not sufficient for reinstatement. *McKinnon* at 449.

 [¶ 13] To fully protect the public, all evidence of past conduct of the disbarred attorney should be considered when determining whether the attorney has the requisite honesty and integrity to be reinstated to the bar. Evidence of the misconduct leading to the disbarment, and other pre-disbarment misconduct, will have a great bearing on that determination. The more culpable the dis-

barred attorney's prior misconduct, the greater the burden upon the attorney to prove worthiness for reinstatement. *In re Pier,* 561 N.W.2d 297, 300 (S.D.1997); *see also In re Murray,* 316 Md. 303, 558 A.2d 710, 711 (1989); *In re Brown,* 925 P.2d 44, 50 (Okla.1996).

[¶ 14] It is clear from the record in this case the Board failed to adequately consider Montgomery's pre-disbarment conduct in recommending reinstatement. The statements of the hearing panel chair suggest the panel improperly focused upon evidence about Montgomery's recent conduct and reputation, and disregarded or refused to hear relevant evidence about Montgomery's misconduct while he was a licensed attorney in this state. Consequently, the recommendations of the hearing panel and the Board are based upon a misapplication of Rule 4.5(F), N.D.R.L.D.

[¶ 15] Montgomery asserts the Board should not consider evidence of misconduct charged in the post-disbarment disciplinary complaints which were dismissed without prejudice. Relying upon language from *In re Kraemer,* 411 N.W.2d 71 (N.D.1987), he argues those matters should have been decided on their merits when brought, and the conduct underlying those complaints should not now be used as a basis for denying reinstatement:

> "To defer resolution of a complaint alleging pre-disbarment misconduct until the initiation of reinstatement proceedings would hamper the availability and recollections of witnesses, restrict or defeat restitution, and impair fairness to the respondent and the complainant."

*Kraemer* at 73. Montgomery asserts unresolved pre-disbarment misconduct should not be "held over his head" until he petitions for reinstatement, and argues those incidents should not now be considered in determining whether he is fit to practice law.

[¶ 16] While *Kraemer* urges prompt resolution of new complaints brought against a disbarred attorney, it does not preclude the Board from considering unresolved pre-disbarment misconduct in deciding a request for reinstatement. Our primary goal in reinstatement proceedings is to protect the public welfare. *See McKinnon,* 264 N.W.2d at 452. That goal would not be served by disregarding relevant evidence of Montgomery's conduct while he was a licensed attorney.

IV

[¶ 17] We remand to the Board for further proceedings in accordance with this opinion. On remand, efforts should be made to contact victims of Montgomery's alleged misconduct, or their surviving family, to afford them an opportunity to appear and offer testimony on these incidents.

[¶ 18] VANDE WALLE, C.J., SANDSTROM, MESCHKE and MARING, JJ., and MAURICE R. HUNKE, District Judge, concur..

[¶ 19] MAURICE R. HUNKE, District Judge, sitting in place of NEUMANN, J., disqualified.