**2000 ND 127**

In the Matter of the Application for REINSTATEMENT OF Bruce R. MONTGOMERY.

Bruce R. Montgomery, Petitioner,

v.

Disciplinary Board of the Supreme Court of the State of North Dakota, Respondent.

No. 990278.

Supreme Court of North Dakota.

June 23, 2000.

Carl O. Flagstad, Minot, N.D., for petitioner.

Paul W. Jacobson, Disciplinary Counsel, Bismarck, N.D., for respondent.

PER CURIAM.

[¶ 1] Bruce Montgomery has petitioned for reinstatement to the bar. We adopt the recommendation of the Disciplinary Board and deny Montgomery's petition.

I

[¶ 2] Montgomery was disbarred in 1988 for misconduct occurring while he was a partner in a Minot law firm.[1] *See In re Montgomery*, 418 N.W.2d 789 (N.D.1988). Montgomery consented to disbarment based upon misapplication of funds from clients Cynthia Bossert and Leroy and Lola Sondrol. Additional disciplinary complaints filed against Montgomery in 1988 and 1994 were dismissed without prejudice because Montgomery had already been disbarred.

[¶ 3] In 1995 Montgomery sought reinstatement to the bar. A hearing was held on September 29, 1995, before a hearing panel appointed by the Disciplinary Board. The hearing panel issued findings and recommended Montgomery be reinstated. The Board adopted the hearing panel's recommendation and submitted its report to this Court. Concluding the hearing panel and the Board had failed to properly consider Montgomery's pre-disbarment misconduct, we remanded for further proceedings. *In re Montgomery*, 1997 ND 148, 566 N.W.2d 426.

[¶ 4] On remand, a new hearing panel was appointed, and a hearing was held on December 11, 1998. The hearing panel issued findings and recommended Montgomery's petition for reinstatement be denied. The Board adopted the findings and recommendation of the hearing panel and submitted its report to this Court. We have jurisdiction under N.D. Const. art. VI, § 3, and N.D.R. Lawyer Discipl. 4.5.

II

[¶ 5] We set out the standard for review of a petition for reinstatement in our prior opinion in this matter:

We review disciplinary proceedings against attorneys de novo on the record under a clear and convincing standard of proof. We accord due weight to the findings, conclusions, and recommendations of the hearing panel as adopted by the Board. Each disciplinary case must be judged on its own facts and merits.

A disbarred attorney petitioning for reinstatement bears a heavy burden of proof:

"The petitioner has the burden of establishing the averments of his application for readmission by clear and convincing evidence. The proof must be of a satisfactory character and of sufficient weight to overcome the former adverse judgment as to the petitioner's character."

*Application of Christianson*, 215 N.W.2d 920, 923 (N.D.1974); *see also* Rule 4.5(F), N.D.R.L.D.

*Montgomery*, 1997 ND 148, ¶¶ 5–6, 566 N.W.2d 426 (citations omitted).

III

[¶ 6] Montgomery argues the Board and the hearing panel exceeded the scope of our remand. Montgomery contends our prior opinion limited the remand only to give disciplinary counsel the oppor-

1. Montgomery's partners, William Teevens and Kent Johnson, also have disciplinary histories culminating in disbarment. *See In re Teevens*, 499 N.W.2d 887 (N.D.1993); *In re Johnson*, 481 N.W.2d 225 (N.D.1992); *In re Johnson*, 472 N.W.2d 914 (N.D.1991); *In re Johnson*, 418 N.W.2d 790 (N.D.1988); *In re Teevens*, 418 N.W.2d 789 (N.D.1988).

tunity to produce evidence from new "victims or family members" of pre-disbarment misconduct. He argues the hearing panel and the Board erred in considering on remand evidence relating to the Bossert and Sondrol matters for which he was originally disbarred. Montgomery concludes, because the first hearing panel recommended reinstatement and no evidence relating to new victims was produced on remand, disciplinary counsel has failed to rebut Montgomery's evidence of rehabilitation as established at the first hearing.

[¶ 7] Montgomery has misinterpreted our prior opinion in this matter. The first hearing panel had construed N.D.R. Lawyer Discipl. 4.5(F)(7) as prohibiting consideration of pre-disbarment misconduct when determining rehabilitation and reinstatement. We did not limit the remand to consideration only of new, additional allegations of misconduct. Rather, our opinion clearly indicated the hearing panel and Board had misinterpreted N.D.R. Lawyer Discipl. 4.5(F)(7) and had failed to give proper consideration to evidence of Montgomery's pre-disbarment conduct, including the conduct for which he was disbarred:

The hearing panel and the Board have misconstrued Rule 4.5(F), N.D.R.L.D., and have ignored our precedent regarding the proper scope of inquiry on a petition for reinstatement of a disbarred attorney. The language "Notwithstanding the conduct for which the petitioner was disciplined" in Rule 4.5(F) does not mean pre-disbarment conduct is irrelevant to the issue of reinstatement. Rather, it requires the petitioner to prove by clear and convincing evidence he currently has the requisite honesty and integrity to practice law, *in spite of* the misconduct committed in the past. The rule envisions a balancing of the evidence of the petitioner's current good character with the seriousness of the prior misconduct.

. . . .

To fully protect the public, all evidence of past conduct of the disbarred attorney should be considered when determining whether the attorney has the requisite honesty and integrity to be reinstated to the bar. Evidence of the misconduct leading to the disbarment, and other pre-disbarment misconduct, will have a great bearing on that determination. The more culpable the disbarred attorney's prior misconduct, the greater the burden upon the attorney to prove worthiness for reinstatement.

*Montgomery*, 1997 ND 148, ¶¶ 10, 13, 566 N.W.2d 426.

[¶ 8] The remand was not limited to new evidence from new victims, but directed the hearing panel and the Board to properly consider all evidence of pre-disbarment misconduct. We conclude the hearing panel and the Board did not exceed the proper scope of the remand.

## IV

[¶ 9] Montgomery argues he has met his burden of proving rehabilitation and should be reinstated to the practice of law upon successful completion of the bar exam.

[¶ 10] Much of Montgomery's argument is dependent upon his assertion that the hearing panel and the Board should have limited the remand to evidence from new victims, should have ignored the testimony of Cynthia Bossert, and should have only considered evidence of his post-disbarment conduct. A proper reading of our prior opinion disposes of those contentions.

[¶ 11] A disbarred attorney applying for reinstatement bears the burden of proving by clear and convincing evidence he currently has the requisite honesty and integrity to practice law. *Montgomery*, 1997 ND 148, ¶ 10, 566 N.W.2d 426; N.D.R. Lawyer Discipl. 3.5(C), 3.5(D), 4.5(F). In determining whether the attorney has adequately proven rehabilitation, we must balance evidence of his current

good character with the seriousness of the prior misconduct. *Montgomery*, at ¶ 10.

[¶ 12] As to the seriousness of his prior misconduct, the record demonstrates Montgomery misappropriated funds from clients and lied to the clients, the opposing counsel, and disciplinary authorities about his use of the funds. The amount of funds involved was substantial—$175,000 in the Bossert matter and $7,000 in the Sondrol matter. We have repeatedly said a lawyer's conversion of client funds is impossible to condone and is one of the least excusable acts of misconduct for which a lawyer can be disciplined. *See, e.g., In re Nassif,* 547 N.W.2d 541, 544 (N.D.1996); *In re Rau,* 533 N.W.2d 691, 695 (N.D. 1995); *In re Dosch,* 527 N.W.2d 270, 273 (N.D.1995).

[¶ 13] As to his current character, the record reflects that Montgomery has engaged in good works since his disbarment. The record also reflects continuing problems and cause for concern. In *In re McKinnon,* 264 N.W.2d 448, 449–50 (N.D. 1978), this Court recognized other appropriate factors to consider when a disbarred attorney applies for reinstatement, including "[e]vidence of unimpeachable character," "[e]vidence of lack of malice and ill feeling toward those involved in bringing the disciplinary proceedings," and "[r]estitution of funds."

[¶ 14] Montgomery has not acknowledged the seriousness of his past misconduct. In determining whether a disbarred attorney has demonstrated the requisite honesty and integrity to practice law, we must consider whether he recognizes the wrongfulness and seriousness of the conduct for which he was disbarred. N.D.R. Lawyer Discipl. 4.5(F)(5). Montgomery testified he did not believe he had injured or taken advantage of people when he was in practice, and he felt it was possible, in light of changes to the disciplinary rules and later cases where attorneys had avoided disbarment after converting client funds, that he would not be

disbarred if his conduct in the Bossert and Sondrol matters occurred today. Montgomery's own character witnesses testified he led them to believe he had been disbarred because of acts of "omission rather than commission," "guilt by association," or a "vendetta" by persons in the disciplinary system. The record demonstrates Montgomery has yet to fully acknowledge the wrongfulness and seriousness of, or take full responsibility for, his misconduct.

[¶ 15] Montgomery still has not made full restitution to his clients, twelve years after his disbarment.

[¶ 16] Montgomery seeks to blame the disciplinary system for his problems. At the first hearing, Montgomery complained he had been "vilified by the disciplinary counsel constantly for the past 8 years, 10 years, 12 years." The record in this case, including the testimony of his own character witnesses, further demonstrates Montgomery continues to blame his disciplinary problems upon animosity from persons within the disciplinary system.

[¶ 17] Montgomery was not truthful in the reinstatement process. In the first hearing he misstated his employment history by failing to disclose a past employer—Charles Dahl—with whom Montgomery had disputes. In a deposition, shortly before the second hearing, the employer testified as to the employment and to Montgomery's threats when the employment ended. At the second hearing, Montgomery offered a clarification: "The fact of the matter is, I probably worked with two or three other individuals who possibly categorized me as an employee for some of their business records. One of those would be Charles Dahl, who had a placement firm . . . ." But Montgomery himself had clearly considered himself an employee. The record establishes that he filed for unemployment benefits when the relationship with Dahl ended. His claim was denied, not because he was not an employee, but because he had voluntarily left the employment.

[¶ 18] Upon review of the record, and giving due weight to the findings, conclusions, and recommendations of the hearing panel as adopted by the Board, we conclude Montgomery has failed to carry the heavy burden placed upon him.

## V

 [¶ 19] Montgomery complains our interpretation of N.D.R. Lawyer Discipl. 4.5(F)(7), allowing consideration of the conduct for which he was disbarred, creates a standard for reinstatement that is impossible to meet. In assessing a petition for reinstatement, our primary concern is not the difficulty faced by the disbarred attorney, but the protection of the public. *Montgomery*, 1997 ND 148, ¶ 12, 566 N.W.2d 426; *McKinnon*, 264 N.W.2d at 452. Montgomery is not applying as a new candidate for admission to the bar; having once been disbarred, he must establish sufficient proof of good character to outweigh the evidence of his former misconduct. *Montgomery*, at ¶ 11; *In re Christianson*, 202 N.W.2d 756, 759 (N.D. 1972). Montgomery has been once entrusted with the privilege of practicing law, and he abused that privilege and caused substantial harm to his clients and the public.

[¶ 20] A disbarred attorney seeking reinstatement does not start with a clean slate, but carries the baggage of his prior misconduct with him. The standards for reinstatement are intentionally set very high, in order to ensure the public is protected. Once disbarred, an attorney will be reinstated only when he can establish by clear and convincing evidence that, in spite of his prior misconduct, he is now worthy of the public trust inherent in the office of licensed attorney. Montgomery has failed to meet that standard.

[¶ 21] We adopt the recommendation of the Board. The petition for reinstatement is denied. Montgomery is ordered to pay the costs of these proceedings in the amount of $7,032.63.

[¶ 22] GERALD W. VANDER WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, MARY MUEHLEN MARING, JJ., RALPH R. ERICKSON, D.J., concur.

[¶ 23] RALPH R. ERICKSON, D.J., sitting in place of NEUMANN, J., disqualified.