2006 ND 194

In the Matter of the Application
for REINSTATEMENT OF
Cheryl L. ELLIS.

Cheryl L. Ellis, Petitioner,

v.

Disciplinary Board of the Supreme
Court of the State of North
Dakota, Respondent.

No. 20060081.

Supreme Court of North Dakota.

Sept. 13, 2006.

John T. Goff, Montgomery, Goff and Bullis, Fargo, N.D., for petitioner.

Paul W. Jacobson, Disciplinary Counsel, Bismarck, N.D., for respondent.

## REINSTATEMENT GRANTED WITH CONDITIONS

PER CURIAM.

[¶ 1]   Cheryl Ellis petitioned for reinstatement to the bar, and Disciplinary Counsel filed objections to the report of a hearing panel of the Disciplinary Board which recommended Ellis be reinstated. We order that Ellis be reinstated to practice law in this state upon the condition she pass the bar examination and pay the costs of the reinstatement proceedings, and we remand to the hearing panel for a determination of those costs.

I

[¶ 2]   In 1989, Ellis was suspended from the practice of law for two years, with imposition of all but the first 90 days of the suspension stayed for a one-year probationary period.  Ellis was allowed to return to the practice of law after the initial

90 days of her suspension under the supervision of another licensed attorney, and she was ordered to pay costs of the disciplinary proceedings. *See In re Ellis*, 439 N.W.2d 808 (N.D.1989). When Ellis failed to timely pay the ordered costs, the remainder of the two-year suspension was imposed.

[¶ 3] In 1993, further disciplinary proceedings were brought and Ellis was suspended from the practice of law for six months. *See In re Ellis*, 504 N.W.2d 559 (N.D.1993). Ellis was also ordered to pay costs and attorney fees, and was ordered to take the Multistate Professional Responsibility Examination and achieve a score of at least 80.

[¶ 4] In 1994, further disciplinary proceedings were commenced, alleging Ellis had engaged in the unauthorized practice of law in 1992 while her license was suspended. The hearing panel in that proceeding issued a private reprimand to Ellis, but specifically recommended the reprimand not be considered as a "deterring factor" if Ellis later petitioned for reinstatement.

[¶ 5] In September 2005, Ellis petitioned for reinstatement, claiming she had complied with all of the conditions imposed in the prior disciplinary orders, including service of all suspension time imposed, payment of all ordered costs and fees, and successful completion of the Multistate Professional Responsibility Examination. The Disciplinary Board appointed a hearing panel to consider Ellis's petition for reinstatement. Following a hearing, the hearing panel recommended that Ellis be reinstated and that she not be assessed costs of the reinstatement proceedings. Disciplinary Counsel filed objections to the hearing panel's report, alleging Ellis had failed to demonstrate she met the criteria for reinstatement, challenging the recommendation that Ellis not be assessed costs,

and challenging the hearing panel's failure to require Ellis to retake and pass the bar examination as a condition of reinstatement.

## II

[¶ 6] A court which has the power to suspend or disbar an attorney also has the power to reinstate upon proper and satisfactory proof that the attorney has become a fit and proper person to be entrusted with the office of an attorney. *In re Hoffman*, 2005 ND 171, ¶ 5, 704 N.W.2d 810; *In re Christianson*, 202 N.W.2d 756, Syllabus No. 1 (N.D.1972); *see* N.D.R. Lawyer Discipl. 4.5. Reinstatement following suspension is not a matter of right, and the suspended attorney has the burden of establishing the averments of her petition for reinstatement by clear and convincing evidence. *Hoffman*, at ¶ 5; *In re Montgomery*, 2000 ND 127, ¶ 5, 612 N.W.2d 278. The petitioner's proof must be of sufficient weight to overcome the former adverse judgment of her character. *Hoffman*, at ¶ 5; *Montgomery*, at ¶ 5.

[¶ 7] We review disciplinary proceedings against attorneys, including reinstatement proceedings, de novo on the record. *Hoffman*, 2005 ND 171, ¶ 5, 704 N.W.2d 810; *Montgomery*, 2000 ND 127, ¶ 5, 612 N.W.2d 278. However, when reviewing a petition for reinstatement we will accord due weight to the findings, conclusions, and recommendations of the hearing panel. *Hoffman*, at ¶ 5; *Montgomery*, at ¶ 5. Each disciplinary case must be judged on its own facts and merits. *Hoffman*, at ¶ 5; *Montgomery*, at ¶ 5.

## III

[¶ 8] Disciplinary Counsel requests that we reject the recommendation of the hearing panel to reinstate Ellis to the practice of law, based upon her conduct in

1992 while under suspension and her failure to acknowledge the 1992 violation in her petition for reinstatement.

[¶ 9] In 1992, while under suspension, Ellis worked as a legal assistant to a licensed attorney on a complex bankruptcy matter. An application for discipline was filed alleging Ellis's conduct violated the rules against unauthorized practice of law. The matter was considered by a hearing panel, which went to great lengths to emphasize that Ellis's conduct was in almost all instances appropriate. The hearing panel did find, however, that Ellis committed a technical violation of the rules by meeting face-to-face with the client. The hearing panel noted that, although Ellis did have direct contact with the client, this direct contact was "necessary" because the client was particularly difficult and demanding. The panel therefore concluded that, although Ellis had technically violated the rule against unauthorized practice when she met with the client, there were mitigating circumstances and Ellis did not willfully violate the order suspending her from the practice of law. The hearing panel recommended a private reprimand, but specifically stated: "We recommend that this private reprimand not be a deterring factor in Ellis' petition for reinstatement." The hearing panel in this case summarized the circumstances of the 1992 incident:

> The Panel found that she performed services in the rol[e] of a "paralegal," that her work was diligent and resulted in substantial benefit to the client, that the client was aware she was not a licensed attorney, that she did not act independently of attorney Sheppard, that she had a good faith belief her services did not constitute the practice of law, and that there was no harm, but instead a benefit to the client.

■ [¶ 10] Disciplinary Counsel seeks to characterize Ellis's conduct while suspended in 1992 as a serious violation which, 14 years later, continues to demonstrate her unfitness to practice law. Ellis has already faced disciplinary proceedings for this conduct, and the hearing panel at that time emphasized Ellis's appropriate and beneficial conduct, stressing the technical nature of the violation. Most importantly, the hearing panel in the 1992 incident expressly recommended that the private reprimand not be a factor in any subsequent petition for reinstatement. We conclude, as did the hearing panel, this single, unintentional, and relatively minor violation of the rules against unauthorized practice, which occurred 14 years ago, does not preclude Ellis's reinstatement.

[¶ 11] Disciplinary Counsel further argues Ellis's failure to disclose the private reprimand for the 1992 violation in her petition for reinstatement demonstrates Ellis is currently unfit to practice law. Addressing this contention, the hearing panel found:

> The hearing in that matter occurred some eleven years prior to the December 22, 2005 [petition] for reinstatement. When confronted with the Panel's recommendation at the hearing, apparently for the first time, Ellis recalled the hearing but did not recall the outcome. She testified that she had diligently searched the Supreme Court records relating to previous hearings or suspensions. In so doing she would not have come across the files above referenced which are kept in the offices of the Disciplinary Board.

■ [¶ 12] We agree with the hearing panel that Ellis's failure to disclose the private reprimand in her petition for reinstatement does not preclude her reinstatement. The conduct in question had oc-

curred more than 13 years earlier, and the hearing on the matter had occurred 11 years earlier, at a time when Ellis suffered from severe depression. Furthermore, there was no potential for prejudice from her nondisclosure, inasmuch as the private reprimand would have been included in her disciplinary file and was readily available to Disciplinary Counsel and the hearing panel.

[¶ 13] Ellis has served the entire terms of her previously ordered suspensions, has met all conditions placed upon her by those orders, and has presented evidence that her clinical depression, which was a major factor in her prior disciplinary violations, has been successfully treated. The hearing panel heard the witnesses and determined that Ellis has demonstrated her qualifications for reinstatement by clear and convincing evidence. The hearing panel expressly stated that Ellis's testimony at the reinstatement hearing was "credible and persuasive." This Court will accord due weight to the hearing panel's ability to assess the credibility of witnesses. *Hoffman,* 2005 ND 171, ¶ 5, 704 N.W.2d 810; *Montgomery,* 2000 ND 127, ¶ 5, 612 N.W.2d 278. We conclude Ellis has established her eligibility for reinstatement.

### IV

[¶ 14] Disciplinary Counsel requests that, if Ellis is found to be eligible for reinstatement, she be required to pass the bar examination as a condition of reinstatement.

[¶ 15] The primary purpose of the disciplinary process is to protect the public and the integrity of the profession. *In re Korsmo,* 2006 ND 148, ¶ 6, 718 N.W.2d 6. Accordingly, when ordering reinstatement of a suspended attorney the Court may impose conditions upon the petitioner's reinstatement when the Court

"reasonably believes that further precautions should be taken to ensure that the public will be protected upon the petitioner's return to practice." N.D.R. Lawyer Discipl. 4.5(H). The Court may therefore require proof of competency, "including certification by the bar examiners of the successful completion of an examination for admission to practice administered subsequent to the order for reinstatement." N.D.R. Lawyer Discipl. 4.5(H)(3).

[¶ 16] We share Disciplinary Counsel's concern that the lengthy period of time since Ellis last practiced law requires precautions to ensure the public's protection. The situation in this case is analogous to relicensure of an attorney who has been on inactive status for a lengthy period of time. In that instance, Admission to Practice R. 7(C) provides:

If the Board determines that the applicant's legal experience during the nonlicensure does not demonstrate sufficient competency in the practice of law, it shall require the applicant to take an attorney's examination.

[¶ 17] In this case, there was no evidence Ellis has practiced law since 1992, or that she thereafter worked regularly in a position utilizing her legal training and experience. Under these circumstances, further proof of competency is required to ensure the public will be protected upon Ellis's return to the practice of law. *See* N.D.R. Lawyer Discipl. 4.5(H). We therefore order that Ellis retake and pass the bar examination as a condition of reinstatement.

### V

[¶ 18] Disciplinary Counsel objects to the hearing panel's recommendation that Ellis not be required to pay the costs of the reinstatement proceedings.

[¶ 19] Payment of all or part of the costs of reinstatement proceedings may be imposed as a condition of reinstatement. N.D.R. Lawyer Discipl. 4.5(H)(1). Costs and expenses of disciplinary proceedings are generally assessed against the disciplined attorney. *See* N.D.R. Lawyer Discipl. 1.3(D); *In re Swanson*, 2002 ND 6, ¶ 13, 638 N.W.2d 240. This Court explained the rationale for imposing costs of disciplinary proceedings against the involved attorney in *In re Larson*, 485 N.W.2d 345, 351 (N.D.1992):

> The disciplinary system is necessary because some attorneys are unable to conform their conduct to the minimum ethical standards of the profession. It is only fair that attorneys whose unethical conduct creates the need for a disciplinary system contribute their direct share of the costs of maintaining that system.

[¶ 20] While we commend Ellis on the positive changes she has made to reestablish her eligibility to practice law, we are also mindful that it was Ellis's past misconduct which necessitated this entire process. Accordingly, we order that Ellis be required to pay the costs of the reinstatement proceedings as a condition of reinstatement.

## VI

[¶ 21] We order that Ellis be reinstated to practice law in this state upon the condition she pass the bar examination and pay the costs of these proceedings, and we remand to the hearing panel for a determination of those costs.

[¶ 22] GERALD W. VANDE WALLE, C.J., and DANIEL J. CROTHERS, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.