2007 ND 8

In the Matter of the DISCIPLINARY ACTION AGAINST Eugene F. BURESH, a Person admitted to the Bar of the State of North Dakota

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner,

v.

Eugene F. Buresh, Respondent.

No. 20060230.

Supreme Court of North Dakota.

Jan. 16, 2007.

Brent J. Edison, Assistant Disciplinary Counsel, Bismarck, N.D., for petitioner.

James S. Hill, Zuger Kirmis & Smith, Bismarck, N.D., for respondent.

## DISBARMENT ORDERED

PER CURIAM.

[¶ 1] A hearing panel of the Disciplinary Board found that attorney Eugene F. Buresh violated Rules 1.15(a) and (b) of the North Dakota Rules of Professional Conduct, and Rule 1.2(A)(3) of the North Dakota Rules of Lawyer Discipline. The hearing panel recommended Buresh be suspended from the practice of law for eighteen months, make complete restitution to Jennifer Jacobs, and pay the costs

and expenses associated with the disciplinary proceeding. Buresh argues his suspension should be for six months. Disciplinary counsel argues for disbarment. We decline to adopt the hearing panel's eighteen-month suspension recommendation. Instead, we order Buresh disbarred from the practice of law, that he shall make complete restitution by paying Jennifer Jacobs $30,946.45, together with interest at 6 percent per annum from and after June 30, 2005, and that he pay the costs and expenses associated with the disciplinary proceeding of $3,126.00.

I

[¶ 2] Buresh was admitted to practice law in North Dakota on October 10, 1979. In 2004, Buresh was retained by Lynn Jacobs and her family to represent them in the sale of the family farm. When Buresh was retained, the parties agreed Buresh would be paid an hourly rate. Buresh was to take his payment from the sale proceeds. Buresh was a sole practitioner when he began representing the Jacobs family. However, the sale proceeds were not received until Buresh joined the law firm of Reichert & Herauf. The proceeds, however, were deposited in the Buresh Law Office Trust Account. As of June 28, 2005, the trust account contained $206,336.34. On June 30, 2005, Buresh wrote checks out of the trust account to pay the Jacobs family. Jacobs' aunt received $103,168.17. Jacobs and her brother-in-law each received $20,633.64. Jacobs' son received $30,950.44, and her daughter, Jennifer Jacobs, received a check for $30,950.45.

[¶ 3] Acting under her daughter's power of attorney, Jacobs presented the check from Buresh for payment on or around September 5, 2005. The check was returned for non-sufficient funds ("NSF"). After assurances of payment from Buresh,

Jacobs presented the check a second time, but once again it was returned NSF. For the next two months, Jacobs attempted to obtain the money from Buresh. Buresh made various promises that the check had been mailed, but Jacobs never received it. Buresh was attempting to "buy time" until the trust account was replenished. On December 20, 2005, Jacobs filed a complaint with the Disciplinary Board. The Supreme Court ordered that Buresh's license to practice law be suspended on an interim basis effective January 30, 2006. Buresh complied with this Court's directives by terminating his practice, pending the disposition of the disciplinary proceedings.

[¶ 4] Between approximately February 8, 2005, and August 31, 2005, Buresh disposed of, used, or transferred approximately $28,500 of the trust account funds "to ward off a temporary financial office crisis." On December 28, 2005, the Buresh Law Office Trust Account had a balance of $2,544.10, leaving the trust account short by $28,406.35 to pay the NSF check. Buresh used most of the remaining trust account balance to pay another client. Less than $50 remained in the trust account as of January 31, 2006.

[¶ 5] On July 20, 2006, Buresh's disciplinary hearing was held in Dickinson. Buresh admitted violating Rules 1.15(a) and (b) of the North Dakota Rules of Professional Conduct. The hearing panel found Buresh violated N.D.R. Prof. Conduct 1.15(a) and (b), and N.D.R. Lawyer Discipl. 1.2(A)(3). The hearing panel re-

jected Buresh's offer of a Consent to Discipline. The hearing panel recommended Buresh be suspended from the practice of law for eighteen months, make restitution of $30,946.45, together with interest to Jennifer Jacobs, with reinstatement conditional on payment being made, and pay the costs and expenses associated with the disciplinary proceeding. Neither party filed an objection to the hearing panel's recommendation. This Court, on its own motion under N.D.R. Lawyer Discipl. 3.1(F)(2) directed the parties to submit briefs on the adequacy of the recommended sanction.

## II

[¶ 6] Disciplinary proceedings are reviewed by this Court de novo on the record. *Disciplinary Bd. v. Chinquist*, 2006 ND 107, ¶ 7, 714 N.W.2d 469. Due weight is given to the findings, conclusions, and recommendations of the hearing panel, but this Court does not act as rubber stamp. *Id.* Disciplinary counsel has the burden of proving each alleged disciplinary rule violation by clear and convincing evidence. *Id.* Each disciplinary matter must be considered on its own facts to decide which sanction, if any, is appropriate. *Id.*

## A

[¶ 7] Buresh admits he violated N.D.R. Prof. Conduct 1.15(a) and (b), which provided, before the August 1, 2006, amendments [1]:

(a) A lawyer shall hold property of clients or third persons that is in a

---

1. Effective August 1, 2006, N.D.R. Prof. Conduct 1.15 was amended. As amended, Rule 1.15(a) reads:

A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be deposited in one or more identifiable interest bearing trust accounts

in accordance with the provisions of paragraph (f). Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer in the manner prescribed in paragraph (h).

Former Rule 1.15(b) is now Rule 1.15(d) after the August 1, 2006, amendments.

lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be deposited in one or more identifiable interest bearing trust accounts in accordance with the provisions of paragraph (d). Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer in the manner prescribed in paragraph (f).

(b) Upon receiving, in connection with a representation, funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

The hearing panel found Buresh violated N.D.R. Lawyer Discipl. 1.2(A)(3), which provides:

A. Grounds for Discipline. A lawyer may be disciplined for the following misconduct:

. . . .

(3) Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

Under de novo review, we conclude the evidence clearly and convincingly establishes Buresh violated N.D.R. Prof. Conduct 1.15(a) and (b), and N.D.R. Lawyer Discipl. 1.2(A)(3).

### B

[¶ 8] Disciplinary counsel argues disbarment is the proper sanction. Counsel contends disbarment is more appropriate than an eighteen-month suspension because Buresh has yet to pay Jennifer Jacobs; Jennifer Jacobs suffered a loss of over $30,000; and, Buresh was deceitful in his dealings with Lynn Jacobs. Buresh argues he should be given a shorter suspension, such as six months, so that he may return to the practice of law and make restitution to Jennifer Jacobs.

[¶ 9] The North Dakota Standards for Imposing Lawyer Sanctions determine the appropriate sanctions for violations of the Rules of Professional Conduct. *Chinquist,* 2006 ND 107, ¶ 21, 714 N.W.2d 469. In North Dakota, sanctions for lawyer misconduct include disbarment, suspension, reprimand, admonition, and probation. *Id.* When deciding a sanction, a court considers the duty that was violated; the lawyer's mental state at the time; potential or actual injuries caused by the lawyer's misconduct; and, any aggravating or mitigating factors. N.D. Stds. Imposing Lawyer Sanctions 3.0.

[¶ 10] "Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client;" "when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious injury or potential serious injury to a client;" and, when "a lawyer engages in serious conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft." N.D. Stds. Imposing Lawyer Sanctions 4.11, 4.61, and 5.11(a). Rules 4.11 and 5.11, N.D. Stds. Imposing Lawyer Sanctions, allow disbarment for one instance of stealing from a client or lying to a client for the lawyer's benefit. *Disciplinary Bd. v. Rau,* 533 N.W.2d 691, 695 (N.D.1995).

[¶ 11] "A lawyer's conversion of a client's funds to his own use is impossible to condone and is one of the least excusable acts of misconduct for which a lawyer can be disciplined." *Disciplinary Bd. v. Dosch,* 527 N.W.2d 270, 273 (N.D.1995). Buresh converted Jennifer Jacobs' money to pay for his personal and office expenses. This caused injury to Jennifer Jacobs and she has yet to receive the substantial amount of money she is owed. Buresh repeatedly and knowingly deceived Jacobs into believing she would receive the money, so that he could buy himself time to replenish the trust account. By repeatedly and knowingly lying to Jacobs, Buresh misrepresented his ability and intent to pay.

[¶ 12] Aggravating factors to consider in a disciplinary matter include a lawyer's prior disciplinary offenses; dishonest or selfish motive; a pattern of misconduct; multiple offenses; and, the lawyer's substantial experience in the law. N.D. Stds. Imposing Lawyer Sanctions 9.22. Mitigating factors include the lack of a prior disciplinary record; no dishonest or selfish motive; personal or emotional problems; a good faith effort to make restitution or to rectify the consequences of the misconduct; and, the lawyer's character or reputation. N.D. Stds. Imposing Lawyer Sanctions 9.32.

[¶ 13] Buresh, to date, has failed to pay Jennifer Jacobs the money he owes her. Buresh blatantly and repeatedly lied to Jacobs when she exerted her right to ask about the status of the check he had promised and was required to produce. Buresh's misconduct involved a large sum of money. With twenty-six years of experience practicing law, Buresh had substantial experience in the law. Buresh's mitigating factors include his lack of a prior disciplinary record and his character and reputation. Buresh's aggravating factors outweigh his mitigating factors and, therefore, make disbarment the appropriate sanction.

[¶ 14] Disciplinary counsel argues that disbarment is appropriate for Buresh because he committed a criminal act. "A lawyer may be disciplined for ... [c]ommitting a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer." N.D.R. Lawyer Discipl. 1.2(A)(2). An individual is guilty of misapplying entrusted property if the individual disposes of, uses, or transfers any interest in property that has been entrusted to the individual as a fiduciary in a manner that the individual knows is not authorized and that the individual knows to involve a risk of loss or detriment to the property owner. N.D.C.C. § 12.1-23-07. Buresh has not been charged with the crime of misapplication of entrusted property. However, "[a] criminal conviction is not a condition precedent to a discipline proceeding when the facts themselves warrant discipline." *Disciplinary Bd. v. Kaiser,* 484 N.W.2d 102, 108 (N.D.1992) (citation omitted). We have concluded that Buresh has committed misconduct and he may be disciplined because of his actions, even though he has not been charged with a crime under N.D.C.C. § 12.1-23-07.

## III

[¶ 15] We accept the hearing panel's finding that Buresh clearly and convincingly violated N.D.R. Prof. Conduct 1.15(a) and (b), and N.D.R. Lawyer Discipl. 1.2(A)(3). We order Buresh disbarred from the practice of law, that he shall make complete restitution for the NSF check by paying Jennifer Jacobs $30,946.45, together with interest at 6 percent per annum from and after June 30, 2005, and that he pay the costs and ex-

penses associated with the disciplinary proceeding of $3,126.00.

[¶ 16] BENNY A. GRAFF, S.J., and MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.

[¶ 17] The Honorable BENNY A. GRAFF, S.J., sitting in place of KAPSNER, J., disqualified.

VANDE WALLE, Chief Justice, concurring and dissenting.

[¶ 18] I agree Buresh violated the North Dakota Rules of Professional Conduct and the North Dakota Rules of Lawyer Discipline noted in the majority opinion. However I would follow the Hearing Panel's recommendation of an 18–month suspension.

[¶ 19] The term "disbarment" may carry a tone of finality. In reality, where disbarment is not permanent, and I do not understand the majority opinion to permanently disbar Buresh, the difference between disbarment and suspension is essentially a factor of time rather than one of finality. Thus, N.D. Stds. Imposing Lawyer Sanctions 2.1 provides:

> *Disbarment.* Disbarment terminates the individual's status as a lawyer. Where disbarment is not permanent, procedures should be established for a lawyer who has been disbarred to apply for readmission, provided that:
>
> (1) no application should be considered for five years from the effective date of disbarment; and
>
> (2) the petitioner must show by clear and convincing evidence:
>
> (a) successful completion of the bar examination, and
>
> (b) rehabilitation and fitness to practice law.

Compare these requirements with suspension as defined by Standard 2.2:

> *Suspension.* Suspension is the removal of a lawyer from the practice of law for a specified minimum period of time. The time period prior to application for reinstatement should not be more than three years. When applicable, procedures should be established to allow a suspended lawyer to apply for reinstatement, but a lawyer who has been suspended should not be permitted to return to practice until he has completed a reinstatement process demonstrating rehabilitation and fitness to practice law.

[¶ 20] Although not specified by the rule governing suspension, we have also required suspended lawyers to take all or a portion of the bar examination as part of the reinstatement process. *See, e.g., In Re Reinstatement of Ellis,* 2006 ND 194, 721 N.W.2d 693; *Matter of Allen,* 262 N.W.2d 25 (N.D.1978); *Application of Christianson,* 253 N.W.2d 410 (N.D.1977). The applicant who has been disbarred and the applicant who has been suspended must each demonstrate rehabilitation and fitness to practice law. Thus, when a suspended lawyer is required to take the bar examination as a condition of reinstatement, the difference between disbarment and suspension is a factor of time and the difference may be as little as the time between the maximum suspension of three years, when a suspended lawyer is eligible for reinstatement, and the minimum five years when a disbarred lawyer may be eligible for readmission.

[¶ 21] It is difficult to argue that Buresh should not be disbarred. While, as the majority notes, each case must be decided on its own merits, I nevertheless believe it is this Court's responsibility to maintain some proportionality in the discipline imposed on wayward lawyers. In comparison, see, for example, this Court's

order in *Disciplinary Action Against Kaiser,* 484 N.W.2d 102 (N.D.1992) in which the Court decided that two episodes of testifying falsely under oath, which had a profound effect on a legal proceeding producing actual, serious, and long-lasting injuries, warranted a two-year suspension from the practice of law. There were mitigating and aggravating factors present in *Kaiser* and there are mitigating and aggravating factors present here.

[¶ 22] If disbarment is to be the ultimate discipline in each instance of misconduct as defined by N.D. Stds. Imposing Lawyer Sanctions 4.11, 4.61 and 5.11, there is no proportionality. But, those standards by their own terms are "generally" appropriate in the specified instances and do not require a lockstep application.

[¶ 23] I recognize, as the majority observes, that we must exercise our own judgment in these matters. But, as the majority also recognizes, we give due weight to the recommendations of the Hearing Panel. Because I believe the Hearing Panel, in arriving at its recommendation of 18 months suspension provided that proportionality, I would adopt the recommendations of the Panel with the addition that upon applying for reinstatement Buresh must furnish evidence of the successful completion of the Professional Responsibility Examination.

[¶ 24] Gerald W. Vande Walle, C.J.